IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH,<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>        Defendant. | No. 16-840 C<br><br>Senior Judge Edward J. Damich |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, the United States ("Defendant") hereby answers the allegations made in each of the numbered paragraphs of Plaintiff's Complaint filed on July 15, 2016. Each numbered paragraph 1 to 40 below responds to the corresponding numbered paragraph of the Complaint. Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.

### INTRODUCTION

1. The allegations in paragraph 1 of the Complaint are Plaintiff's characterizations of its case, to which no response is required. To the extent a response is required, Defendant denies the allegations.

2. With respect to paragraph 2 of the Complaint, Defendant admits that the Navy had purchased 38 licenses for BS Contact Geo by 2012. Defendant denies that the software licenses were "limited," as alleged by Plaintiff. Defendant admits that Bitmanagement Software GmbH ("Bitmanagement") modified the software to enable its deployment on the Navy's

computer network.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

      3.      With respect to paragraph 3 of the Complaint, Defendant admits that the Navy negotiated the purchase of additional licenses for BS Contact Geo with Synergy Software Design, LLC, Bitmanagement's designated retailer at the time.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

      4.      With respect to paragraph 4 of the Complaint, Defendant admits that the Navy installed the BS Contact Geo software onto hundreds of thousands of computers within its network.  Defendant denies that the installation occurred without Bitmanagement's advance knowledge or consent.  Defendant denies that Bitmanagement did not license or otherwise authorize the installation.  Defendant admits that the Navy has never directly compensated Bitmanagement for the Navy's installation of BS Contact Geo, but Defendant denies that Bitmanagement is entitled to any compensation for the Navy's installation of the software.  Defendant further avers that the Navy has compensated Bitmanagement's authorized retailer for BS Contact Geo in accordance with the terms of Contract Nos. N00244-08-P-1039 and N62583-12-P-0767.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

      5.      Defendant denies the allegations in paragraph 5 of the Complaint.

## PARTIES

      6.      The allegations in paragraph 6 are Plaintiff's characterizations of itself, to which no response is required.  To the extent a response is required, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations and on that basis denies the same.

7. With respect to paragraph 7 of the Complaint, Defendant admits that Plaintiff has identified the United States as the Defendant, and that the United States Department of Defense, the United States Department of the Navy ("Navy"), the United States Navy, and Naval Facilities Engineering Command ("NAVFAC") are all federal agencies, service branches, or further subcomponents thereof of the United States. Defendant denies any remaining allegations.

## ASSERTED JURISDICTION AND VENUE

8. With respect to paragraph 8 of the Complaint, Defendant admits that 28 U.S.C. § 1498(b) confers exclusive jurisdiction with the United States Court of Federal Claims to hear claims for the unauthorized infringement by or for the United States of a United States copyright. Defendant denies any remaining allegations.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

## ASSERTED FACTS

10. With respect to paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations and on that basis denies the same.

11. With respect to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations and on that basis denies the same.

12.     With respect to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations and on that basis denies the same.

13.     With respect to paragraph 13 of the Complaint, Defendant admits that the Navy and Bitmanagement's reseller executed a contract in 2012 that provided the Navy with 38 licenses of BS Contact Geo. Defendant denies that the licenses were limited to installation of BS Contact Geo on a total of 38 Navy personal computers, and Defendant further avers that the Navy procured concurrent-use network-installation licenses of BS Contact Geo. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

14.     With respect to paragraph 14 of the Complaint, Defendant admits that Bitmanagement modified BS Contact Geo to enable its deployment on the Navy's computer network. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

15.     With respect to paragraph 15 of the Complaint, Defendant admits that Bitmanagement provided servicing, maintenance, and some upgrading of the installed software. Defendant further avers that the Navy had no direct contractual relationship with Bitmanagement, and that Bitmanagement provided these services as a subcontractor. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

16.     With respect to paragraph 16 of the Complaint, Defendant admits that the Navy conducted testing of BS Contact Geo prior to its deployment on the Navy network, including in conjunction with the SPIDERS 3D software application. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

17. With respect to paragraph 17 of the Complaint, Defendant denies that NAVFAC acknowledged that additional licenses were necessary for it to distribute BS Contact Geo to its users. Defendant denies that NAVFAC Deputy Program Manager Alexandre Viana engaged in extended written and oral discussions and negotiations with Bitmanagement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

18. With respect to paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of allegations and on that basis denies the same.

19. With respect to paragraph 19 of the Complaint, Defendant denies that Mr. Viana made statements indicating that the Navy was interested in purchasing additional licenses to enable it to install BS Contact Geo on machines within its network. Defendant further avers that the Navy was authorized to install BS Contact Geo on its network. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations and on that basis denies the same.

20. With respect to paragraph 20 of the Complaint, Defendant admits that the Navy executed a justification authorizing the procurement of additional licenses and services from Synergy Software Design, LLC, without competition. Defendant admits that the justification indicated that BS Contact Geo was a proprietary software application owned by Bitmanagement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

21.  With respect to paragraph 21 of the Complaint, Defendant admits that the Navy installed BS Contact Geo onto hundreds of thousands of computers within its network starting on or about August 2013.  Defendant denies that BS Contact Geo was installed on the Navy's networked computers without Bitmanagement's knowledge or authorization.  Defendant further avers that Bitmanagement modified BS Contact Geo for the purpose of allowing such installation, and that Bitmanagement received multiple updates regarding the status of this installation.  Defendant denies that Bitmanagement did not license or consent to such installation and use of its software.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

22.  With respect to paragraph 22 of the Complaint, Defendant admits that emails were provided to Bitmanagement in the summer and fall of 2013 advising Bitmanagement regarding the deployment of BS Contact Geo on the Navy's network.  Defendant admits that one such email indicated a successful deployment to 104,922 Navy computers.  Defendant denies that the installations should have been surprising to Bitmanagement's executives, and Defendant further avers that Bitmanagement modified BS Contact Geo for the purpose of allowing the deployment.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

23.  With respect to paragraph 23 of the Complaint, Defendant admits that Bitmanagement has no control over the Navy's computers.  Defendant denies the remaining allegations.

24.  With respect to paragraph 24 of the Complaint, Defendant admits that Flexnet Manager for Engineering Applications, an application used to generate usage reports regarding

BS Contact Geo and other software, was disabled on or about December 15, 2014. Defendant denies the remaining allegations.

25. The allegations in paragraph 25 of the Complaint are Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that Contract No. N62583-12-P-0767 included the language "ENABLED BY NAVFAC USING FLEXERA SOFTWARE'S FLEXWRAP UTILITY OF THE ADMIN STUDIO SOFTWARE SUITE." Defendant denies the remaining allegations.

26. With respect to paragraph 26 of the Complaint, Defendant denies that the Navy made unauthorized copies of BS Contact Geo. Defendant admits that an archived copy of Bitmanagement's website dated August 7, 2013 indicates that Bitmanagement's list price for a single license for BS Contact Geo was 800 €  Defendant further avers that the archived copy of Bitmanagement's website indicates that Bitmanagement offered significant volume discounts for its software, that Bitmanagement based pricing "on the general expected usage" of its software, and that Bitmanagement offered additional discounts for non-commercial use. Defendant further avers that Bitmanagement agreed to sell BS Contact Geo to the Navy for significantly less than 800 €/ license. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies the same.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## ASSERTED CAUSE OF ACTION

28. To the extent that a response is required, Defendant incorporates by reference each of its above responses to the numbered paragraphs of the Complaint.

29. With respect to paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of averments and on that basis denies the same.

30. The allegations in paragraph 30 of the Complaint are Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits the allegations.

31. The allegations in paragraph 31 of the Complaint are Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits the allegations.

32. With respect to paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of averments and on that basis denies the same.

33. With respect to paragraph 33 of the Complaint, Defendant admits the United States Copyright Office issued United States Copyright Registration Nos. TX-8-212-961 (for a work titled BS Contact GEO 7002), TX-8-212-988 (for a work titled BS Contact GEO 8001), and TX-8-213-004 (for a work titled BS Contact GEO 9000). Defendant denies any remaining allegations.

34. With respect to paragraph 34 of the Complaint, Defendant admits that the United States and Germany are signatories to the Berne Convention for the Protection of Literary and Artistic Works. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and on that basis denies the same.

35. With respect to paragraph 35 of the Complaint, Defendant admits that the Navy purchased 38 licenses for BS Contact Geo. Defendant further avers that the 38 licenses were

authorized for network installation and were concurrent use licenses.  Defendant denies the remaining allegations.

36.     With respect to paragraph 36 of the Complaint, Defendant admits that the Navy copied and installed BS Contact Geo onto some of its computers.  Defendant denies the remaining allegations.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

## ASSERTED PRAYER FOR RELIEF

(1-2)   Paragraphs (1) and (2) of the Complaint state Plaintiff's Prayer for Relief to which no response is required.  However, to the extent that paragraphs (1) and (2) are deemed to contain allegations, Defendant denies each such allegation.  Defendant further denies that Plaintiff is entitled to any of the relief requested in paragraphs (1) and (2).

## DEFENSES

Upon current information and belief, Defendant further answers concerning its defenses:

1.      Defendant has not infringed Plaintiff's asserted copyrights.

2.      Plaintiff expressly and impliedly authorized the Defendant to reproduce and distribute copies of BS Contact Geo to computers on the Navy's network.

3. To the extent that Plaintiff asserts a breach of contract claim, Plaintiff's claim is barred because of its failure to satisfy the jurisdictional prerequisites of the Contracts Disputes Act and the Tucker Act.

4. To the extent that Plaintiff, alleged as "a German corporation," seeks to prosecute its claim against the United States in this Court, Plaintiff's claim may be jurisdictionally barred by 28 U.S.C. § 2502(a). Defendant further avers that Plaintiff has asserted its privilege to sue pursuant to a Treaty of Friendship, Commerce and Navigation at Art. VI(1), 7 U.S.T. 1839, Oct. 29, 1954.

5. To the extent that any of Plaintiff's claims "[arose] in a foreign country," Plaintiff's claims are jurisdictionally barred by 28 U.S.C. § 1498(c).

6. To the extent that Plaintiff seeks recovery for any alleged infringement first accruing more than three years before the filing of the Complaint, Plaintiff is precluded from any such recovery as set forth in 28 U.S.C. § 1498(b).

7. To the extent that Plaintiff seeks recovery for any alleged infringement that resulted from Plaintiff's failing or refusing to take such actions as is reasonably necessary to minimize any loss which it may have sustained, Plaintiff is precluded from any such recovery due to its failure to mitigate damages.

8. To the extent that Plaintiff's claims are premised on "willful infringement" or any other basis beyond the scope of 28 U.S.C. § 1498(b), see, e.g., Complaint ¶¶ 1, 5, 39, Plaintiff's claims are barred by sovereign immunity.

9. Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(b). However, should Plaintiff be awarded compensation, such compensation may include delay

compensation, but shall not include "punitive damages," pre-judgment or post-judgment interest, or costs.

10. Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(b). However, should Plaintiff be awarded compensation, such compensation may consist of "the minimum statutory damages as set forth in [17 U.S.C. § 504(c)]," but shall not consist of statutory damages greater than the minimum.

11. Defendant asserts any and all defenses which are presently unknown to it, but which, when ascertained, Defendant requests leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A. Dismiss the Complaint with prejudice, and deny each prayer for relief sought by Plaintiff;

B. Adjudge that Defendant has not infringed Plaintiff's asserted copyrights;

C. Adjudge that Plaintiff is not entitled to any compensation;

D. Award Defendant all expenses, including costs and attorney's fees; and

E. Award Defendant any such further relief as the Court deems proper and just.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        JOHN J. FARGO
        Director

        s/Scott Bolden

November 14, 2016        SCOTT BOLDEN
        Assistant Director
Of Counsel:        Commercial Litigation Branch
MICHEL E. SOUAYA        Civil Division
Department of Justice        Department of Justice
RICHARD J. HUBER        Washington, DC 20530
Department of the Navy        Email:    Scott.Bolden@USDOJ.gov
        Telephone:    (202) 307-0262
        Facsimile:    (202) 307-0345