**REDACTED VERSION**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 16-840 C<br><br>Senior Judge Edward J. Damich |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS OBJECTION TO EVIDENCE OFFERED IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**

Pursuant to Rule 56(c)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, the United States ("the Government"), hereby submits its Reply in Support of its Objection to Evidence Offered in Support of Plaintiff's Motion for Partial Summary Judgment on Liability. See Doc. 27-1. The Government responds to the admissibility arguments of Plaintiff, Bitmanagement Software GmbH ("Bitmanagement"), as stated in its Response. See Doc. 29-1.

**1.    The Court Should Strike Exhibit 29 (A251-57) as Inadmissible**

As requested in the Government's Objection, the Court should strike Exhibit 29 (A251-57) as unauthenticated and inadmissible hearsay pursuant to RCFC 56(c)(2). See Doc. 27-1 at 1-2. Bitmanagement relies on the exhibit as a "final and complete agreement" between itself and Planet 9, Doc. 29 at 4; see also Doc. 29-1 at 1, but the document is unsigned, without evidence that the parties agreed to its terms, such as the terms relating to the type of license sold.

Bitmanagement's Response to the Government's Objection failed to support its argument that the exhibit is admissible as the final agreement between Planet 9 and Bitmanagement. See

Doc. 29-1 at 1-2. As asserted in its Response and in its reply brief,[1] Bitmanagement's counsel represented that the unsigned agreement was admissible because:

- "[B]oth Bitmanagement and Planet 9 understood the unsigned 2012 Reseller Agreement represented their final and complete agreement." Doc. 29 at 4.

- "[Bitmanagement and Planet 9] intended to be bound by that agreement." Doc. 29 at 4.

Bitmanagement's representations – regarding Bitmanagement and Planet 9's alleged understanding and intent – are not supported by affidavits, declarations, or testimony of any witness with knowledge. Statements by counsel are not evidence. See Midland Mortg. Corp. v. Wells Fargo Bank, 926 F. Supp. 2d. 780, 793 (D. S.C. 2013).

Indeed, Bitmanagement produced documents during discovery that directly contradict its representations that the unsigned June 14, 2012 agreement was "understood" or "intended" to be the final agreement. For example, Bitmanagement and Planet 9 appear to have exchanged a later draft of the agreement on September 3, 2012 – more than 11 weeks after Bitmanagement represented that the parties reached a final agreement. See A1-7. In addition, an email from Bitmanagement indicates that the parties had not reached a final agreement by November 8, 2012 – a full 21 weeks after Bitmanagement represented that the parties reached a final agreement. See A8 ("Please send your comments to the contract."); see also A9-10 (discussing the payment but indicating that the contract terms were not finalized).

These documents raise several difficult questions. For example, did Bitmanagement and Planet 9 ever reach a final written agreement for this transaction? Did the parties exchange further drafts? Why did the parties continue to exchange a draft agreement more than seven months after Planet 9's proposal to the Government, more than three months after the effective

---

[1] Bitmanagement's Response purports to incorporate by reference its arguments in its reply brief. See Doc. 29-1 at 1.

-2-

date of the 2012 Contract, and more than two months after Bitmanagement delivered modified versions of BS Contact Geo 8.001 to NAVFAC for deployment?[2] See DAF ¶¶ 22, 24, 27. Finally, what is the evidentiary support for Bitmanagement's representations that the June 14, 2012 draft agreement was understood as final, despite producing documents that appear to refute the representations?

These questions cannot be answered at the summary judgment stage on this record. Bitmanagement has not supported the admissibility of the exhibit with the testimony of a qualified witness.[3] Bitmanagement's argument that the Court should treat Exhibit 29 as a final document is not supported by its citations to other legal authorities. See Brown v. Department of Army, 157 Fed. Appx. 295, 296-98 (Fed. Cir. 2005) (holding an agreement binding where the challenger stipulated to the terms in a hearing); see also 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 124-25 (2d Cir. 2011) (holding a contract binding where "[i]t is undisputed that the parties intended to be bound"). Accordingly, the unsigned document remains unauthenticated and inadmissible hearsay with respect to Bitmanagement's assertions. See FRE 801, 901.

**2. Bitmanagement Elects to Forgo Reliance on Deposition Testimony Taken Outside the Scope of RCFC 30(b)(6). See PAF ¶ 32.**

In its Response, Bitmanagement suggests that it is not relying on the RCFC 30(b)(6) deposition testimony of Patrick "Sam" Chambers taken outside the scope of the designated

---

[2] Thus, the Government disputes Bitmanagement's assertion that BS Contact Geo 8.001 was not delivered to NAVFAC until after Bitmanagement and Planet 9 had finalized their agreement. See Doc. 29 at 5.

[3] Bitmanagement asserted that "the agreement is admissible under the business records exception to hearsay," Doc. 29-1 at 2, but the exception clearly requires, *inter alia*, "the testimony of the custodian or another qualified witness." FRE 803(6)(D); see also FRE 803(6)(A). In addition, the other documents cited by the Government demonstrate "a lack of trustworthiness" in the exhibit for the purpose asserted by Bitmanagement. See FRE 803(6)(E).

-3-

topics for the purpose of its Motion. See Doc. 29-1 at 2-3 (purporting to reserve the right to respond to objections "at trial or another later point when it is relevant"). Given Bitmanagement's apparent disavowal of reliance on "the disputed testimony," id., the Government's objection pursuant to RCFC 56(c)(2) is moot.

### 3. Bitmanagement Elects to Forgo Reliance on Deposition Testimony Regarding Remedial Measures. See PAF ¶ 30.

In its Response, Bitmanagement suggests that it is not relying on "the Navy's subsequent uninstallation of BS Contact Geo in September 2016" for the purpose of its Motion. Doc. 29-1 at 3 (purporting to reserve the right to respond to objections "at trial or another later point when it is relevant"). Given Bitmanagement's apparent disavowal of reliance on this action for the purpose of proving infringement, the Government's objection pursuant to RCFC 56(c)(2) is moot.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

GARY L. HAUSKEN
Director

s/Scott Bolden
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Scott.Bolden@USDOJ.gov
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Of Counsel:
RICHARD J. HUBER
Department of the Navy

May 11, 2018