IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BITMANAGEMENT SOFTWARE GMBH,

      Plaintiff,

v.

THE UNITED STATES,

      Defendant.

**REDACTED VERSION**

No. 16-840 C

Senior Judge Edward J. Damich

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY REGARDING OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

In its Sur-Reply, Bitmanagement Software GmbH (Bitmanagement) relies, for the first time, on a newly-submitted declaration of its CEO, Peter Schickel (Schickel). Schickel's declaration, however, does not cure the inadmissibility of Plaintiff's Exhibit 29. Instead, the declaration raises significant credibility issues that are not resolvable on summary judgment. Accordingly, Defendant, the United States (the Government), respectfully requests that the Court strike Plaintiff's Exhibit 29 as inadmissible pursuant to Rule 56(c)(2) of the Rules of the United States Court of Federal Claims (RCFC).

### BACKGROUND

To support its Motion for Partial Summary Judgment, Bitmanagement repeatedly asserted that an unsigned agreement was final because Bitmanagement and Planet 9 Studios, Inc. (Planet 9) "understood the unsigned [draft agreement] represented their final and complete agreement." ECF 29 at 4; see also ECF 25-1 at 11-12, 23, 24, 32; ECF 29-1 at 1. Bitmanagement, however, provided no support for its interpretation of the understanding of the

parties, other than the fact that Planet 9 paid Bitmanagement for 18 licenses.  See id.[1]  The Government objected that the unsigned, unauthenticated draft agreement was inadmissible for the purpose of showing the parties' "final and complete agreement."  See ECF 27-1; ECF 31.  In its Sur-Reply, Bitmanagement reprises its assertion that "Planet 9 and Bitmanagement intended to be bound by the [unsigned June 14, 2012] agreement," ECF 34 at 1, despite evidence of a later unsigned agreement, see ECF 31-1 at A1-7, and communications that indicated that the parties had not reached agreement by November 8, 2012, see ECF 31-1 at A8-14.  Bitmanagement purports to support its reprised assertion by relying on Schickel's declaration.  See, e.g., ECF 34-1 ¶ 7 (claiming that the June 14, 2012 draft "reflects our final agreement with Planet 9 and the terms of Planet 9's resale of the licenses").

## ARGUMENT

### I.  CONTRARY TO SCHICKEL'S DECLARATION, RECORD EVIDENCE SUGGESTS THAT PLANET 9 AND BITMANAGEMENT DID NOT UNDERSTAND THE UNSIGNED DRAFT TO BE "FINAL AND COMPLETE"

Schickel's representation that Planet 9 and Bitmanagement understood the unsigned draft to be "final" is directly contradicted by record evidence.  As cited by the Government previously, Bitmanagement and Planet 9 exchanged a later unsigned draft of the agreement dated September 3, 2012.  See Doc. 31 at 2 (citing Doc. 31-1 at A1-7).  Bitmanagement sent an email to Planet 9 that showed that the parties had not reached agreement as of November 8, 2012.  See id. (citing Doc. 31-1 at A8-10).

Nevertheless, Schickel's representation and Bitmanagement's assertions are further undercut by other emails that Bitmanagement produced during discovery.  The emails demonstrate that Bitmanagement and Planet 9 had **not** reach a mutual understanding by June 14,

---

[1]  This payment is one element that may be considered in light of the proper context and chronology of the parties' complete course of dealing and course of performance.  See ECF 28 at 23-29.

2012.  Indeed, the emails show that the parties had not reached a final agreement by February 26,

2014 – **622 days later.**

> A.      **Planet 9:  "[T]he form of contract seems to me to be inappropriate for the context"**

On August 23, 2012, David Colleen, on behalf of Planet 9, explained to Schickel why he

had not signed the June 14, 2012 draft agreement.  See A15-16.  Colleen explained that he had

substantive disagreements with content of the draft agreement:

> **The reason that the contract is not signed is that the form of contract seems to me to be inappropriate for the context.**  As written, it treats Planet 9 as the end user. I believe that the contract should be a normal resale agreement with clear definition of the goods and services that you are providing as well as mention of the two phases of funding that the Navy is giving. Pease *[sic]* let me know your thoughts.

See id. (emphasis added).  Schickel and Bitmanagement fail to cite or explain Planet 9's critiques

of the draft agreement.  Planet 9's email strongly suggests that Bitmanagement and Planet 9 did

not share a mutual understanding of their transaction – at least from Planet 9's perspective.

> B.      **Bitmanagement:  "Where is your problem?"**

Shifting to Bitmanagement's perspective, Schickel wrote an email to Colleen that

strongly suggests that Bitmanagement knew that it and Planet 9 had not reached a mutual

understanding.  On February 26, 2014, Schickel emailed Colleen, attaching a copy of the revised

draft of September 3, 2012 agreement and expressing frustration that the parties had not reached

a mutual understanding of their transaction:

> **Please find attached again the license contract** and the project contract in discussion. We need to have the wording signed in place for the past and before any next steps with Planet9. . . . . **Where is your problem?**

See A19 (emphasis added).   Again, Schickel and Bitmanagement fail to cite or explain

Bitmanagement's frustration that final agreement had not been reached, more than 18 months

after the June 14, 2012 draft agreement.   Schickel's email directly conflicts with his

representation that the draft reflected a final agreement, and creates credibility issues improper for summary judgment.

## II. THE DRAFT AGREEMENT IS INADMISSIBLE AS A FINAL AGREEMENT

Bitmanagement fundamentally misunderstands or misconstrues the Government's evidence objection to Plaintiff's Exhibit 29.[2] The Government does not object, and has never objected, to the Court's consideration of the exhibit as an unsigned draft agreement for the purpose of summary judgment. With Schickel's declaration, Bitmanagement has now established that it kept this draft agreement as a business record.

Instead, the Government has always objected to Bitmanagement's representation that the unsigned draft agreement represented a "final and complete" agreement of itself and Planet 9 as of June 14, 2012. Schickel's disputed declaration cannot resolve the issue on summary judgment. Schickel cannot authenticate an unsigned draft as a final draft, nor can he credibly testify that a business record of an unsigned draft should be treated by the Court as a final draft.

In light of the evidence of record, Bitmanagement and Schickel cannot accurately represent that the parties understood the unsigned draft of June 14, 2012 to be final and complete. These representations fail to support Bitmanagement's motion for summary judgment because they are based on inadmissible evidence and genuinely disputed facts. Accordingly, the Court should strike Plaintiff's Exhibit 29 for the purpose asserted by Bitmanagement.

---

[2] Bitmanagement dubiously suggests that the Court should disregard the Government's objection because the Government's expert considered unsigned agreements and because the Government did not make the same objection for all other exhibits. See ECF 34 at 2 n.1; ECF 29-1 at 2. Bitmanagement's suggestions avoid the merits of the Government's argument. Contrary to Bitmanagement's suggestions, the Government does not waive objections by raising only those that are material to its arguments. But most critically, the Government's objection here is different because Bitmanagement and Schickel are representing that the document was understood as a binding contract, which it was not.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

GARY L. HAUSKEN
Director


 s/Scott Bolden

SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Of Counsel:                    Civil Division
RICHARD J. HUBER               Department of Justice
Department of the Navy         Washington, DC  20530
                               Email: Scott.Bolden@USDOJ.gov
                               Telephone:    (202) 307-0262
August 2, 2018                 Facsimile:    (202) 307-0345