# In the United States Court of Federal Claims

No. 16-840C
(Filed August 23, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **BITMANAGEMENT SOFTWARE GMBH,** | \* |
|  | \* |
|  | \* |
| **Plaintiffs,** | \* |
|  | \* |
| **v.** | \* |
|  | \* |
| **THE UNITED STATES,** | \* |
|  | \* |
| **Defendant.** | \* |
|  | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TRIAL PREPARATION ORDER
### (Revised: August 6, 2018)

1.  <u>Definition of Terms</u>

    a.   Serve means to provide to all counsel, but *not* to file with the Court.
    b.   File means to serve on all counsel and to file with the Court.
    c.   Provide to chambers means to submit to chambers by fax (202/357-6490), by email in Adobe PDF (<u>damich_chambers@ao.uscourts.gov</u>), or by postal or private delivery.

2.  <u>Trial Preparation</u>

    a.   <u>Events before the meeting of counsel</u>[1]

        i.   Plaintiff's Case in Chief

            (1)   Plaintiff shall serve its Proposed Findings of Fact and Law (see Appendix A ¶14 on or before September 28, 2018.

---

[1] The exchange of information *before* the meeting of counsel, especially the exchange of objections, should facilitate resolving issues at the meeting of counsel without Court involvement.   Counsel, therefore, should act in good faith to list all witnesses, exhibits, and objections in these preliminary exchanges.   Although counsel will eventually file final lists with the court, the opportunity for another filing should not be used as a method for circumventing the requirement of providing preliminary information.

  (a) The Proposed Findings of Fact shall be organized by headings that correlate to the legal arguments on which Plaintiff relies to support its claims.

  (b) The Proposed Findings of Fact shall be sequentially numbered.

  (c) For each Proposed Finding of Fact, Plaintiff shall identify the exhibits and/or witnesses that support that fact.

  (d) Facts that support more than one legal contention do not have to be repeated completely; they may be identified by number for successive legal arguments.

(2) Plaintiff shall serve its witness list (which should include the witnesses who will be called in rebuttal, to the extent that they are known) on the same date as it serves its Proposed Findings of Fact.

  (a) The witness list shall specify those witnesses identified as supporting facts in Plaintiff's Proposed Findings of Fact.

  (b) For each witness, Plaintiff shall indicate the specific topics to be addressed in the expected testimony by identifying the facts (by fact number) that the witness will establish.

  (c) For each witness, Plaintiff shall indicate the time needed for direct examination.

(3) Plaintiff shall serve its list of exhibits, and a set of such exhibits, on the same date as it serves its Proposed Findings of Fact.

  (a) The exhibit list shall include all the exhibits identified as supporting facts in Plaintiff's Proposed Findings of Fact.

  (b) For each exhibit, Plaintiff shall indicate the specific facts (by fact number) that the exhibit will establish.

  (c) Demonstrative exhibits (including audio-visual exhibits) shall be included and described on the list of exhibits.

ii.     Defendant's Case in Chief

(1)     Defendant shall serve its Response to the Plaintiff's Proposed Findings of Fact on or before November 9, 2018.

    (a)     For each fact alleged by Plaintiff, Defendant shall <u>underline</u> the parts, or parts, that it disputes and, on the same page below the fact in dispute, modify the statement to make it conform to Defendant's version of the facts.

    (b)     Defendant shall identify the exhibits and/or witnesses that support its modification.

    (c)     Defendant shall <u>underline</u>, entirely, any statement that cannot be made to conform to Defendant's version of facts.

    (d)     Defendant shall identify the exhibits and/or witnesses that support its position.

(2)     Defendant may also serve Proposed Additional Findings of Fact.   Such Proposed Additional Findings of Fact shall be served as a separate document on the same date that Defendant serves its Response to Plaintiff's Proposed Findings of Fact.

    (a)     Defendant shall follow the same form as Plaintiff. See paragraph 2.a.i.(1).

(3)     Defendant shall serve its witness list on the same date that it serves its Response to Plaintiff's Proposed Findings of Fact.

    (a)     Defendant shall follow the same form as Plaintiff. See paragraph 2.a.i.(2).

(4)     Defendant shall serve its list of exhibits, and a set of such exhibits, on the same date as it serves its Response to Plaintiff's Proposed Findings of Fact.

    (a)     Defendant shall follow the same form as Plaintiff. See paragraph 2.a.i.(3).

iii.     Plaintiff's Case in Rebuttal

(1)     On or before November 30, 2018, Plaintiff may serve a Response to Defendant's Proposed Additional Findings of Fact.

(a)     Plaintiff shall follow the same form as Defendant. See paragraph 2.a.ii.(1).

(2)     Plaintiff shall serve its list of rebuttal witnesses, and an explanation of its need for such witnesses, on the same date for serving its Response to Defendant's Proposed Additional Findings of Fact.

(3)     Plaintiff shall serve its list of rebuttal exhibits, an explanation of its need for such exhibits, and a set of such exhibits, on the same date for serving its Response to Defendant's Proposed Additional Findings of Fact.

b.     <u>Meeting of Counsel</u>

i.     The meeting of counsel shall be held on or before February 20, 2019 (no later than 63 days before the pretrial conference; see Appendix A ¶ 13).

ii.     Counsel shall follow the requirements set forth in Appendix A ¶13, to the extent not otherwise addressed in this Order.

iii.     At the meeting, counsel shall also discuss the sequestration of witnesses under Fed. R. Evid. 615, including such questions as:

(1)     Should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified;

(2)     Should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified; and

(3)     Should an attorney be permitted to counsel a witness during breaks in the witness's testimony?  *See Perry v. Leeke*, 488 U.S. 272, 280 (1989); *Reynolds v. Ala. Dep't of Transp.*, 4 F. Supp. 2d 1055, 1064-65 (M.D. Ala. 1988) (applying *Perry* to civil case).

c.     <u>Filings After Meeting of Counsel</u>

i.     No later than one week following the meeting of counsel, February 27, 2019, counsel shall file the following:

(1) A Joint Statement of Good Faith Conduct, stating that all objections to witnesses and exhibits were discussed in good faith and that settlement was explored at the meeting of counsel (this Joint Statement shall be filed as a "Notice" under Electronic Case Filing (ECF) and linked to this Pre-Trial Order).

(2) A Joint Notice of Proposed Procedures for Sequestration, if sequestration is requested by either party.   If the parties have not been able to agree on such procedures, they shall separately file memoranda on sequestration by this date (this Joint Notice shall be filed as a "Notice" under ECF and linked to this Pre-Trial Order).

(3) Any motions, pursuant to Appendix A ¶ 15(b), for leave to present substantive evidence by way of deposition testimony. Such motions shall list the pages of such transcripts but shall not include copies of the listed pages.

(4) Any objections, including motions in limine, to the opposing party's proposed witnesses or exhibits.   For each objection, the objecting party shall identify the witness or exhibit as proposed and the grounds for the objection. Responses to motions in limine shall be filed within 7 days and the replies not more than 5 days thereafter.

ii.   No later than two weeks following the meeting of counsel, March 6, 2019, counsel shall file the following:

(1)   File any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages.   In cross-designating, the party may not simply designate the entire transcript.

(2)   File a Joint Stipulation of Facts, Witnesses, and Exhibits as follows:

a.   a statement of the facts on which the parties agree, separately numbered and based on the parties' Proposed Findings of Fact;

b.   a listing of all witnesses to which neither party objects, with a brief description of each such witness; and

c.   a descriptive listing of all exhibits to which neither party objects on the grounds of authenticity or

5

admissibility (two sets of such exhibits, by CD-Rom, shall concurrently be provided to chambers).

(3)   File each party's Proposed Findings of Fact, other than jointly stipulated facts, separately numbered with <u>underlining</u> designating the portion in dispute, in the same format as prescribed in paragraph 2.a.i.(1).

(4)   Provide to chambers each party's Final Witness List, including a brief description of each witness and denoting stipulated witnesses, in the same format as prescribed in paragraph 2.a.i.(2).

(5)   Provide to chambers two copies of each party's Final Exhibit List on CD-Rom, excluding joint exhibits, in the same format as prescribed in paragraph 2.a.i.(3).

iii.   Memorandum of Fact and Law

(1)   No later than three weeks after the meeting of counsel, March 13, 2019, Plaintiff shall file a Memorandum of Fact and Law.

(a)   The Memorandum of Fact and Law shall set forth Plaintiff's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b)   Based upon its Proposed Findings of Fact, Plaintiff shall explain the factual basis upon which it relies to support its claims.   With respect to all facts, Plaintiff shall reference its Proposed Findings of Fact, by number.

(c)   Absent good cause, the memorandum shall not exceed 30 pages.

(2)   No later than four weeks after the meeting of counsel, March 20, 2019, Defendant shall file a Responsive Memorandum of Fact and Law in the same format as Plaintiff's Memorandum.

3.   <u>Miscellaneous</u>

a.   <u>Matters of Style for Exhibits</u>

i.   Joint exhibits shall be prefaced with a J; Plaintiff's with a P; and Defendant's with a D.   There shall be no duplication of exhibits.

ii.   Documentary exhibits shall be contained in binders and shall be numbered and paginated (<u>e.g.</u>, Plaintiff's Exhibit 5, page 10 shall be marked "P5.10"), with tabs demarcating each exhibit.

iii.   The exhibits shall be accompanied by a table of contents listing and describing all exhibits in numerical order.   Demonstrative exhibits shall also be assigned numbers, and described in the table of contents.

iv.   All officially admitted exhibits shall be submitted to the court reporter at trial at the time they are admitted for incorporation into the trial record (it may be appropriate to move the admission of joint exhibits at the onset of trial). A copy of each such exhibit shall concurrently be submitted to the judge's law clerk.

v.   In the unusual circumstance of any exhibits admitted at trial that were not previously listed and provided to chambers, the offering party shall submit such exhibit along with three copies (one each for the judge, the law clerk, and opposing counsel; the original of the exhibit shall be submitted to the court reporter).

vi.   Ordinarily, exhibits will not be admitted into the record unless needed to support the testimony of a witness.

b.   <u>Objections</u>

i.   Each objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection.   Informative cases may be cited in support of the objection.

ii.   Motions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

iii.   Objections to witnesses and exhibits shall be submitted in the time set forth in this order.   Objections not so raised may be deemed waived. Motions in limine regarding other matters shall be filed by March 6, 2019. Responses shall be filed within 7 days. Replies filed within 5 days.

c.   <u>Matters of Style for Amendment of Filings</u>

i.   Whenever a party submits an amended or revised filing, the party shall indicate in the caption how many previous amendments have been filed (*e.g.*, Third Amended Witness List).

ii.   Although this order sets out the style for captioning amended filings, the parties should not infer that leave is necessarily granted for amended filings.   Appropriate objections will be entertained.

d.   <u>Stipulations</u>

     i.      In General

          (1)    The parties are expected and required to stipulate to the full extent to which complete or qualified agreement can or fairly should be reached regarding all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact.   Included should be all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.

          (2)    When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

          (3)    The requirement of stipulation applies without regard to where the burden of proof may lie with respect to the matters involved.

     ii.     Binding Effect

          (1)    A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the court or agreed upon by the parties.

          (2)    The court will not permit a party to a stipulation to qualify, to change, or to contradict a stipulation, in whole or in part, except where justice so requires.

          (3)    A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

   e.    <u>Trial Methods</u>.   The Court is committed to cost-effective methods of resolving and trying cases.   The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their witnesses' affirmative testimony in writing in advance. The witnesses are then subject to cross-examination before the court in open court.

4.    <u>Pre-trial conference</u>.   **The pretrial conference will be held by telephone on Monday, April 8, 2019, at 11 a.m.**

5.    <u>Trial dates and location</u>.   **Trial shall commence on Monday, April 22, 2019, and shall continue for 8 days, or such time as agreed to at the pretrial conference, from 10:00 a.m. to 4:00 p.m. each day.   Five days of the trial will be held in Washington, D.C., from April 22-26, 2019.   Trial be held in Los Angeles, CA on April 29-30, 2019**.

6.      <u>Ambiguity or confusion in this order</u>.   The parties should work together to resolve any ambiguities or uncertainties that they perceive in this order.   The Court encourages the parties to raise any issues *as soon as possible* after a good faith attempt to resolve them. Even if the parties are able to resolve the issues, the Court would appreciate hearing the concerns of the parties so that the order can be clarified.

**IT IS SO ORDERED.**

<u>s/ Edward J. Damich</u>
EDWARD J. DAMICH
Senior Judge