IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | **REDACTED VERSION**<br><br>No. 16-840 C<br><br>Senior Judge Edward J. Damich |

### DEFENDANT'S MOTION TO COMPEL
### PRODUCTION OF RELEVANT LICENSE AGREEMENTS

Defendant, the United States ("the Government"), hereby moves pursuant to Rule 37(a) of the Rules of the United States Court of Federal Claims ("RCFC") for an order compelling Plaintiff, Bitmanagement Software GmbH ("Bitmanagement"), to produce all license agreements with respect to: (1) the twelve (12) organizations identified in Government Request for Production No. 22; and (2) the five organizations identified in Plaintiff's Proposed Finding of Fact No. 46. The Court's rules require that Bitmanagement produce the information. See RCFC 26(a), 34. This Motion is necessitated because Bitmanagement has invoked improper objections and failed to produce the license agreements.[1]

Undersigned counsel for the Government certifies that he has conferred with counsel for Bitmanagement in a good faith effort to resolve the matters in dispute without the intervention of the Court. See RCFC 37(a)(1). In particular, counsel discussed the deficient production during a phone call and in a letter dated October 17, 2018. See A1-2. On October 30, 2018, counsel for

---

[1] This Motion is filed under seal because an attachment contains information that Plaintiff has designated as Protected Information pursuant to the Protective Order.

-1-

Bitmanagement responded, maintaining the objections and refusing to produce the license agreements. See A3.

## BACKGROUND

Bitmanagement filed this suit pursuant to Section 1498(b) of Title 28 to recover compensation "in an amount not less than $596,308,103." ECF 1 at 9. Bitmanagement asserts that the Government infringed its copyright in a computer program known as BS Contact Geo. See id. ¶ 1. According to the Complaint, Bitmanagement, a German corporation, "develops and sells computer software." Id. ¶ 6.

Fact discovery in this case took place between January and December 2017. See ECF 12, ECF 20. On March 2, 2018, Bitmanagement filed a motion for partial summary judgment on liability. See ECF 25. On August 6, 2018, the Court denied Bitmanagement's motion. See ECF 37. The Court subsequently entered its Trial Preparation Order ("TPO"). See ECF 40.

During fact discovery, the Government requested that Bitmanagement produce all software license agreements with twelve (12) named organizations:

> All documents and ESI relating to licenses for software between Plaintiff and any of the following organizations: Penn State University, the University of Western Australia, Lockheed Martin, Daimler, Intel, IBM, Deutsche Telekom, Audi, Volkswagen, Bosch, Siemens, and the Department of Public Works for the Queensland Government.

A23 (RFP 22). Bitmanagement, however, objected to the request as, *inter alia*: overbroad, unduly burdensome, privileged or otherwise protected from discovery, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.[2] See id. In particular, Bitmanagement asserted that "documents or ESI relating to licenses for software programs other

---

[2] In 2015 – sixteen months before Bitmanagement filed its objections – Fed. R. Civ. P. 26(b) was amended to remove the phrase "reasonably calculated to lead to the discovery of admissible evidence" because litigants were misusing the phrase to object to the scope of a discovery request. See FRCP 26 Advisory Committee Notes, 2015 Amendment.

-2-

than BS Contact Geo are not relevant to the issues in this dispute." Id. As a result, Bitmangement expressly limited its production to "licenses for BS Contact Geo with the above organizations." Id. From our review of its document production, Bitmanagement produced **no** licenses with **any** of the twelve named organizations.

Despite its assertion that "licenses for software programs other than BS Contact Geo are not relevant," Bitmanagement proposed many facts that relate to "software programs other than BS Contact Geo" in its pretrial disclosures pursuant to the TPO. In particular, Bitmanagement proposed:

> 46. Bitmanagement has also sold licenses of its software—including licenses of programs other than BS Contact Geo—to other customers, including NASA, the Naval Postgraduate School, Virginia Polytechnic Institute (Virginia Tech University), Daimler AG, and Ewicom AG. (Testimony of Peter Schickel, Testimony of George Graff, P043; P098.)

A33-34. In addition, Bitmanagement proposed at least twenty-five (25) other facts that reference software other than "BS Contact Geo." Most often, Bitmanagement cited its "BS Contact" software, a program that "BS Contact Geo" was based upon.

Bitmanagement has taken inconsistent positions with respect to "software programs other than BS Contact Geo." On October 17, 2018, counsel for the Government discussed this issue with counsel for Bitmanagement. See A1-2. On October 30, 2018, counsel for Bitmanagement responded, maintaining that the Government's request was "irrelevant and overbroad," refusing to produce any of the relevant and cited document (but offering to delete Plaintiff's Proposed Finding of Fact No. 46). A3.

**ARGUMENT**

**I. DISCOVERY RESPONSE DEFICIENCIES**

The Court's rules require litigants to disclose relevant information. Pursuant to RCFC 26(a)(1)(A)(ii), a party must disclose "all documents, electronically stored information, and

tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Pursuant to RCFC 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." RCFC 34(a) further provides that "[a] party may serve on any other party a request within the scope of RCFC 26(b)." The responding party must respond within thirty days of service. See RCFC 34(b). Finally, under RCFC 37(a), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."

The Court has broad discretion in controlling discovery. See Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."); White Mountain Apache Tribe of Ariz. v. United States, 4 Cl. Ct. 575, 583 (1984) ("It is axiomatic that a trial court has broad discretion to fashion discovery orders."). If a party fails to answer discovery requests, the requesting party may move for an order compelling a response. See RCFC 37(a); Colbert v. United States, 30 Fed. Cl. 95, 98 (1993). To succeed on a motion to compel discovery, a party must prove that it "sought discovery from its opponent," and must certify "good faith conferment" regarding the outstanding discovery requests. AG-Innovations, Inc. v. United States, 82 Fed. Cl. 69, 79 (2008).

### A. The License Agreements are Relevant

Bitmanagement asserts that the Government's request for the license agreements is irrelevant, but its assertion is contradicted by precedent and by its own proposals. To calculate just compensation in the context of some 28 U.S.C. § 1498(b) cases, the Federal Circuit endorsed the use of a "hypothetical, arms-length negotiation between the parties." Gaylord v. United States, 678 F.3d 1399, 1343 (Fed. Cir. 2012). If such an approach is adopted, failing to

-4-

"consider *all* evidence relevant to a hypothetical negotiation" can constitute reversible error. Id. at 1343-44 (emphasis in original). In the related context of estimating a reasonable royalty for patent infringement, the Federal Circuit has "consistently upheld experts' use of a hypothetical negotiation and Georgia-Pacific factors[3] for estimating a reasonable royalty." i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 854 (Fed. Cir. 2010) aff'd, 564 U.S. 91 (2011). In this litigation, Bitmanagement's licenses for software other than BS Contact Geo is directly relevant to at least the second, ninth, twelfth, and fifteenth Georgia-Pacific factors.[4]

Bitmanagement's pretrial proposals support the conclusion that its licenses for other software are relevant. For one example of other software, Bitmanagement describes BS Contact as its "core product," and asserts that BS Contact Geo is based on BS Contact. See A31-32. And Bitmanagement expressly asserted that Bitmanagement sold licenses of other software to NASA, the Naval Postgraduate School, Virginia Polytechnic Institute (Virginia Tech University), Daimler AG,[5] and Ewicom AG. See A33-34. Bitmanagement cannot credibly assert that other software licenses are relevant to support its claim for compensation, but irrelevant to support the Government's defense on that issue.

    **B.**    **The Government's Request was Narrowly Tailored**

Contrary to Bitmanagement's assertion, the Government's request was not overbroad. The Government specifically limited its request to twelve (12) organizations. Bitmanagement's proposed finding referenced five organizations. Bitmanagement fails to describe how the Government's request is overbroad and burdensome, and indeed, its objection appears to be a

---

[3] See Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).
[4] Specifically: the rates paid by the licensee for the use of comparable works; the utility and advantages of the work over older works; the portion of profit or of the selling price that may be customary in that particular business to allow for use of the work; and the results of a hypothetical negotiation.
[5] The Government specifically identified Daimler in its request for production. See A23.

boilerplate objection to nearly all of the Government's requests for production. Indeed, Bitmanagement could have substantially satisfied its obligations by producing approximately 16 documents – the executed license agreements for each of the organizations named in the Government's request and Bitmanagement's proposal. The request was not overbroad.

## II. REQUESTED RELIEF

### A. The Court Should Order Bitmanagement to Respond to the Discovery Requests

Counsel for the Government has negotiated with counsel for Bitmanagement to spur Bitmanagement to respond to the discovery request, but Bitmanagement has failed to act. Bitmanagement's unresponsiveness is harming the Government, because the Government will have to take positions in pretrial proceedings without the benefit of discovery materials it had sought long ago. Based on the foregoing, the government requests that the Court issue an order compelling Bitmanagement to correct and supplement:

- its response to Request for Production No. 22; and
- its required disclosure of documents that support its claims.

See RCFC 37(a)(3)(A); RCFC 37(a)(3)(B). Furthermore, RCFC 37 provides that, if the Government's motion is granted, the Government's "reasonable expenses incurred in making the motion" must be paid by Bitmanagement. RCFC 37(a)(5)(A).

### B. The Court Should Reset the Schedule to Account for the Delay Caused by the Plaintiffs

Bitmanagement's continuing delay necessitates an extension of time for the Government to prepare its pretrial disclosures identified in the Court's TPO. See ECF 40. The Government's disclosures are likely to depend upon, *inter alia*, the requested license agreements. The Government's pretrial disclosures are currently scheduled to be served on Bitmanagement on November 9, 2018. See id. at ¶ 2(a)(ii). Accordingly, the government requests a four-week

extension of time for the Government's pretrial disclosures, with a corresponding adjustment to Bitmanagement's pretrial rebuttal disclosures.

## CONCLUSION

For the reasons set forth above, Bitmanagement should be ordered to promptly respond to the Government's discovery request and supplement its required disclosures.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

s/Scott Bolden
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: Scott.Bolden@USDOJ.gov
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

*Attorneys for Defendant the United States*

November 1, 2018

Of Counsel:
RICHARD J. HUBER
Department of the Navy