

**U.S. Department of Justice**

Civil Division      <u>**REDACTED VERSION**</u>

SB          Telephone: (202) 307-0262
154-16-840C        Facsimile: (202) 307-0345

*Washington, DC 20530*

October 17, 2018

<u>**VIA EMAIL**</u>

Adam Raviv
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
adam.raviv@wilmerhale.com

       Re:     *Bitmanagement Software GmbH v. United States*,
               <u>United States Court of Federal Claims No. 16-840 C</u>

Dear Adam:

       Thank you for speaking with me this morning. As we discussed, I welcome your prompt attention to three issues.

       First, Bitmanagement did not include electronic copies of proposed exhibits P050 and P230 with its disclosures on September 28, 2018. I appreciate that you quickly sent me those exhibits by email after our call.

       Second, in light of the position taken by Bitmanagement in its pretrial Proposed Finding of Fact No. 46, I requested that Bitmanagement immediately produce the agreements cited in the proposed finding and amend and supplement its response to the government's Request for Production No. 22. In the request for production, the government requested that Bitmanagement produce "[a]ll documents and ESI relating to licenses for software between Plaintiff and [12 identified organizations]." RFP 22. Bitmanagement objected, asserting that "software programs other than BS Contact Geo are not relevant to the issues in this dispute," and expressly limiting its response to BS Contact Geo. Bitmanagement did not produce any license agreements for "software programs other than BS Contact Geo" with the 12 organizations. In its proposed finding of fact, however, Bitmanagement has now taken the directly contradictory position that its licenses of software programs other than BS Contact Geo are relevant and support its claims. Bitmanagement is obligated to produce the requested and relied upon information pursuant to RCFC 26(a)(1)(A)(ii), RCFC 26(e), and RCFC 34. Accordingly, I request that Bitmanagement immediately produce all license agreements with respect to the 12 organizations identified in Request for Production No. 22 and the five organizations identified in Proposed Finding of Fact

- 2 -

No. 46.[1]  I am happy to meet and confer with you again about this issue, and propose that we attempt to fully resolve this issue without the Court's intervention no later than October 31, 2018.

Third, since some of the exhibits being considered by the Government are in German, we would like to agree to a specific date for the parties to exchange translations for the respective exhibits they propose.  As discussed, I believe that a mid-December date would allow sufficient time for the parties to obtain translations and review the exchanged translations prior to the meeting of counsel in February 2019.

If you have any questions, please do not hesitate to call me at the above number.

Very truly yours,

SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division

cc:    Brent Gurney; Allison Trzop; Leon Kenworthy; Michael Carpenter (via email)

---

[1] As you pointed out, some documents for some of the organizations identified in the proposed finding of fact were produced by Planet 9 and Bitmanagement, but this limited production does not appear to be comprehensive and does not appear to incorporate any signed agreements.

**WILMERHALE**

October 30, 2018

**Adam Raviv**

+1 202 663 6904 (t)
+1 202 663 6363 (f)
adam.raviv@wilmerhale.com

**VIA ELECTRONIC MAIL**

Scott Bolden
U.S. Department of Justice
Civil Division
Washington, DC 20530

Re:  *Bitmanagement Software GmbH v. United States*, No. 16-840 C

Dear Scott:

I write in response to your letter dated October 17, 2018.

On the second issue raised in your letter, regarding Bitmanagement's Preliminary Proposed Finding of Fact No. 46, the government's premise that an irrelevant and overbroad discovery request is rendered relevant by this Proposed Finding of Fact is misplaced.  Proposed Finding of Fact No. 46 simply lists customers that have purchased licenses for Bitmanagement software other than BS Contact Geo.  It says nothing about the content or terms of these licenses, which is what the government sought in its overbroad Request for Production No. 22.  At any rate, Bitmanagement is prepared to delete Preliminary Proposed Finding of Fact No. 46 from its Preliminary Proposed Findings of Fact and Conclusions of Law.

On the third issue raised in your letter, I agree that a mid-December date for exchange of translated trial exhibits would be appropriate.  I propose that each party send counsel for the other party translations of their respective proposed trial exhibits on or before December 14, 2018.

Sincerely yours,

*Adam Raviv*

Adam Raviv

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BITMANAGEMENT SOFTWARE GMBH,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 16-840 C

Senior Judge Edward J. Damich

### PLAINTIFF'S OBJECTIONS AND RESPONSES
### TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Bitmanagement Software GmbH ("Plaintiff"), by and through undersigned

counsel, hereby objects and responds to the Defendant's First Set of Requests for Production of

Documents and Things to Plaintiff (Nos. 1-28), dated January 23, 2017.

### GENERAL OBJECTIONS TO DEFENDANT'S FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.      Plaintiff's General Objections, as set forth herein, are continuing objections and

responses to each specific request for production that follows, whether or not the General

Objections are referenced in the specific request for production. Plaintiff's objections and

responses herein shall not waive or prejudice any further objections Plaintiff may later assert.

The failure to list a particular general objection in a given response should not be construed as a

waiver of that objection.

2.      Plaintiff objects to each of Defendant's requests for production to the extent that

they seek documents protected from disclosure by any privilege or immunity, including the

attorney-client privilege, the attorney work product doctrine, or any other privilege, immunity,

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**A4**

principle, doctrine, or rule of confidentiality. Plaintiff further objects to the extent that Defendant's requests seek documents or things prepared in anticipation, or during the course of, any litigation, or which otherwise constitute or disclose the mental impressions, conclusions, opinions, or legal theories of any attorney for Plaintiff. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection. Any inadvertent disclosure will be governed by Rules of the U.S. Court of Federal Claims ("RCFC") 26(b)(5)(B), as the parties agreed in the Joint Preliminary Status Report dated January 6, 2017 (Dkt. 12).

3.      Plaintiff further objects to the extent that a request seeks confidential, proprietary, or personal information, the disclosure of which is not permitted by reason of contract, trade-secret protection; data privacy laws of the United States, the European Union, or Germany; or any other binding legal obligation.

4.      Plaintiff objects to each definition, instruction, and request for production to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Rules of the U.S. Court of Federal Claims.

5.      Plaintiff objects to each of Defendant's requests for production to the extent that it seeks documents that Plaintiff "alleges" or "asserts" support a particular claim, defense, fact, argument, or legal conclusion on the ground that contention-type requests are inappropriate at this stage of discovery because, among other reasons, Defendant has yet to disclose the majority of its documents, and thus some responsive information and documents remain exclusively within the possession, custody, or control of Defendant. No response shall be construed as providing a legal conclusion.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

6.     Plaintiff objects to each of Defendant's requests for production insofar as it seeks documents that are unreasonably cumulative or duplicative, already in the possession of Defendant, primarily or exclusively within Defendant's knowledge or control, or obtainable from some other source that is less burdensome or less expensive.  Plaintiff objects to Defendant's requests for production to the extent they seek documents beyond those in the possession, custody, or control of Plaintiff.

7.     Plaintiff objects to each of Defendant's requests for production to the extent that it is unclear, ambiguous, overly broad, or unduly burdensome.

8.     Plaintiff objects to each of Defendant's requests for production requesting "all," "each," or "any" of the referenced documents on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and seek to impose obligations beyond those imposed by law.  Plaintiff further objects to the extent Defendant's requests for production request information that Plaintiff cannot locate and copy without unreasonable expense of financial and/or personnel resources, or that will create a significant delay that would be disproportionate to the probative value or relevance of the material sought.  Plaintiff will construe the terms of all requests for production to request that Plaintiff use reasonable diligence to locate responsive non-privileged documents, based on inquiry of those persons who may reasonably be expected to possess such documents and based on examination of those sources that may reasonably be expected to yield such documents.

9.     Plaintiff objects to each of Defendant's requests to the extent that it seeks documents or things that are not relevant to the issues in this dispute or to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  To the extent Plaintiff

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

responds to these requests for production, it does not waive Plaintiff's foregoing objections nor

does it concede that any documents requested or provided in response thereto are relevant to any

claim or defense of a party in the pending action or admissible in the United States Court of

Federal Claims.  Plaintiff expressly reserves:

    a.    the right to object, on the grounds of competency, relevance, materiality, privilege, or any other applicable ground, to the use of responses provided to this request for production or the subject matter thereof, in any subsequent proceeding in, or the hearing of, this or any other action;

    b.    the right to object on any ground to other document requests, interrogatories, or other discovery proceedings involving or relating to the subject matter of the request for production; and

    c.    the right to supplement its responses should further investigation or discovery disclose additional information.

### GENERAL OBJECTIONS TO DEFINITIONS

10.    Plaintiff objects to the definition of the term "Communication" to the extent that

Defendant's definition purports to impose burdens and requirements that exceed or are

inconsistent with the requirements of the Court's Rules and Orders.  Defendant's definition

defines "Communication" as any non-written exchange of information, but RCFC 34 limits

requests to documents, ESI, and tangible things.  Accordingly, Plaintiff will interpret requests for

"Communications" to mean contacts that have been recorded in documents, ESI, and tangible

things.

11.    Plaintiff objects to the definition of the phrase "relating to" on the grounds that

the terms "reflecting," "pertaining to," "alluding to," and "associated with," are vague,

ambiguous, and capable of inconsistent interpretations.  Plaintiff further objects to this definition

on the grounds that it is overbroad and unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

12.     Plaintiff objects to the definition of the phrase "relationship with" on the grounds

that the phrase "regarding any subject matter" is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff will interpret the

phrase "relationship with" to include only the subject matter of the dispute.

<u>**GENERAL OBJECTIONS TO INSTRUCTIONS**</u>

13.     Plaintiff objects to Instruction Nos. 3 and 6 on the grounds that they are overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Plaintiff further object to the instructions to the extent that they seek the production of

documents not in the possession, custody, or control of Plaintiff.  In connection with Plaintiff's

responses to these requests for production and in accord with its legal rights and obligations,

Plaintiff will respond to Defendant' requests for production based only upon documents within

its possession, custody, or control.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>
<u>**TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

Plaintiff incorporates by reference its General Objections in response to each of

Defendant's requests for production.  Plaintiff also incorporates by reference its Objections to

Instructions to each of Defendant's requests for production.  Plaintiff states that the following

responses are true and complete to the best of its knowledge at this time, while reserving the

right to identify additional facts or documents, amend or supplement any answer, or raise

additional objections during the course of these proceedings.

<u>**REQUEST NO. 1:**</u>

All documents and ESI relied upon, or relating to those relied upon, by Plaintiff to
provide a factual basis for the allegations in the Complaint, including, but not limited to,
Plaintiff's allegations in paragraphs 17-19, 22-24, and 26-27 of the Complaint.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to Request No. 1 to the extent that the documents sought are already in

the possession, custody, or control of Defendant. Plaintiff further objects to Request No. 1 to the

extent that it requests documents that are publicly available or obtainable from some other source

that is less burdensome or less expensive. Plaintiff further objects to Request No. 1 to the extent

that it seeks documents that are privileged or otherwise protected from discovery by the attorney-

client privilege, work product doctrine, or other applicable privilege or immunity.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control.

**REQUEST NO. 2:**

All documents and ESI relating to Plaintiff's responses to any of Defendant's First Set of
Interrogatories to Plaintiff, and all documents which support your answers to any of Defendant's
First Set of Interrogatories to Plaintiff.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to Request No. 2 to the extent that the documents sought are already in

the possession, custody, or control of Defendant. Plaintiff further objects to Request No. 2 to the

extent that it requests documents that are publicly available or obtainable from some other source

that is less burdensome or less expensive. Plaintiff further objects to Request No. 2 to the extent

that it seeks documents that are privileged or otherwise protected from discovery by the attorney-

client privilege, work product doctrine, or other applicable privilege or immunity. Plaintiff

further objects to Request No. 2 to the extent it seeks documents that are unreasonably

cumulative or duplicative.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control.

### REQUEST NO. 3:

The complete source code for any version of BS Contact Geo that Plaintiff claims that the Navy infringed.

### RESPONSE TO REQUEST NO. 3:

Plaintiff objects to Request No. 3 on the grounds that the source code of BS Contact Geo

is not relevant to the issues in this dispute and it is not reasonably calculated to lead to the

discovery of admissible evidence. Plaintiff further objects to Request No. 3 on the grounds that

there is no dispute that the Government made hundreds of thousands of actual copies of BS

Contact Geo as admitted in Paragraph 4 of Defendant's Answer, dated November 14, 2016.

Plaintiff further objects to Request No. 3 on the grounds that the complete source code of BS

Contact Geo is a valuable trade secret, and the Government has not demonstrated or attempted to

demonstrate that production of the complete source code is necessary to Defendant's claims or

defenses. Plaintiff further objects to Request No. 3 on the grounds that producing the

"complete" source code for "any version" is overbroad, unduly burdensome, and vague.

### REQUEST NO. 4:

The compiled object code for any version of BS Contact Geo that Plaintiff claims that the Navy infringed.

### RESPONSE TO REQUEST NO. 4:

Plaintiff objects to Request No. 4 on the grounds that the object code of BS Contact Geo

is not relevant to the issues in this dispute and it is not reasonably calculated to lead to the

discovery of admissible evidence. Plaintiff further objects to Request No. 4 on the grounds that

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

there is no dispute that the Government made hundreds of thousands of actual copies of BS

Contact Geo as admitted in Paragraph 4 of Defendant's Answer, dated November 14, 2016.

Plaintiff further objects to Request No. 4 on the grounds that the complete object code of BS

Contact Geo is a valuable trade secret, and the Government has not demonstrated or attempted to

demonstrate that production of the complete object code is necessary to any of Defendant's

claims or defenses, or likely to lead to the discovery of any relevant evidence.  Plaintiff further

objects to Request No. 4 on the grounds that producing the "compiled" object code for "any

version" is overbroad, unduly burdensome, and vague.

### REQUEST NO. 5:

All documents and ESI that accompanied any version of BS Contact Geo that   Plaintiff
claims that the Navy infringed, including, but not limited to user manuals and end user license
agreements.

### RESPONSE TO REQUEST NO. 5:

Plaintiff objects to Request No. 5 on the grounds that the term "accompanied" is

undefined by Defendant's definitions, is vague, ambiguous, and capable of inconsistent

interpretations.  Plaintiff further objects to Request No. 5 on the grounds that a request for "all"

such documents and ESI is overbroad and unduly burdensome.  Plaintiff further objects to

Request No. 5 to the extent that the documents sought are not within the possession, custody, or

control of Plaintiff.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of representative user manuals, end user

license agreements, and other such documents and ESI to the extent Plaintiff regularly sent such

documents to customers who purchased licenses of BS Contact Geo.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**REQUEST NO. 6:**

All documents and ESI relating to copyright registrations for BS Contact Geo, including any material created or provided to satisfy any deposit requirements for the registrations.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to Request No. 6 on the grounds that the requests for "all documents and ESI relating to" and "any material created or provided" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 6 to the extent it seeks documents that are privileged or otherwise protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity, or seeks information protected as a trade secret. Plaintiff further objects to Request No. 6 to the extent that it requests documents that are already in the possession, custody, or control of Defendant, or that are publicly available or obtainable from some other source that is less burdensome or less expensive.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control that relate to the copyright registrations for BS Contact Geo.

**REQUEST NO. 7:**

All documents and ESI relating to Plaintiff's alleged ownership of the copyright in BS Contact Geo, including, but not limited to, copyright registration documentation, and employment or independent contractor agreements with the creators of BS Contact Geo.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to Request No. 7 on the grounds that the phrase "relating to Plaintiff's alleged ownership of the copyright in BS Contact Geo" is vague, ambiguous, overbroad, and unduly burdensome. Plaintiff is the creator of BS Contact Geo, and Plaintiff objects to

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

Defendant's characterization in Request No. 7 to the extent it alleges that Plaintiff is not the creator of BS Contact Geo. Plaintiff further objects to Request No. 7 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 7 to the extent that it seeks documents that are privileged or otherwise protected from discovery by the attorney-client relationship, work product doctrine, or applicable privilege or immunity, or protected as a trade secret. Plaintiff further objects to Request No. 7 to the extent that it requests documents that are already in the possession, custody, or control of Defendant, or are publicly available or obtainable from some other source that is less burdensome or less expensive. Plaintiff further objects to Request No. 7 to the extent it is duplicative of Request No. 6.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control that relate to Plaintiffs' copyright registration of BS Contact Geo.

### REQUEST NO. 8:

All documents and ESI relating to any assignment of the registered copyrights, whether complete or partial, to or from Plaintiff, of (i) ownership rights in or (ii) causes of action arising under any of them, including any assignment document itself.

### RESPONSE TO REQUEST NO. 8:

Plaintiff objects to Request No. 8 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 8 to the extent that it seeks documents that are privileged or otherwise protected from discovery by the attorney-client relationship, work product doctrine, or applicable privilege or immunity. Plaintiff

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

- 10 -

A13

further objects to Request No. 8 to the extent it seeks documents that are not within the

possession, custody, or control of Plaintiff.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control that relate to an assignment of the registered copyrights

of BS Contact Geo.

**REQUEST NO. 9:**

All documents and ESI relating to any accusation or charge of infringement of any
copyright in BS Contact Geo that Plaintiff has ever communicated to another party, including the
Defendant.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to Request No. 9 on the grounds that a request for "All documents and

ESI" is overbroad and unduly burdensome.  Plaintiff further objects to Request No. 9 on the

grounds the phrase "relating to any accusation or charge of infringement . . . ever

communicated" is vague, ambiguous, overbroad, and unduly burdensome.  Plaintiff further

objects to Request No. 9 to the extent that it seeks documents that are privileged or otherwise

protected from discovery by the attorney-client privilege, work product doctrine, or other

applicable privilege or immunity.  Plaintiff further objects to Request No. 9 to the extent that the

documents sought are already in the possession, custody, or control of Defendant, or are publicly

available or obtainable from some other source that is less burdensome or less expensive.

Plaintiff further objects to Request No. 9 on the grounds that the documents sought are not

relevant to the issues in this dispute and it is not reasonably calculated to lead to the discovery of

admissible evidence.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control that consist of Plaintiff's written communications to the

Navy or another party related the infringement of Plaintiff's copyrights of BS Contact Geo.

### REQUEST NO. 10:

All documents and ESI relating to decision or opinion of Plaintiff to file suit, not to file suit, or to delay filing suit against the Defendant for alleged infringement of any copyright in BS Contact Geo.

### RESPONSE TO REQUEST NO. 10:

Plaintiff objects to Request No. 10 on the grounds that it seeks documents that are

privileged or otherwise protected from discovery by the attorney-client privilege, work product

doctrine, or other applicable privilege or immunity. Plaintiff further objects to Request No. 10

on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome.

Plaintiff further objects to Request No. 10 on the grounds that the phrase "relating to decision or

opinion of Plaintiff to file suit," is vague, ambiguous, undefined by Defendant's definitions, and

capable of inconsistent interpretations. Plaintiff further objects to Request No. 10 on the grounds

that documents or ESI relating to the decision or opinion of Plaintiff to file suit, not file suit, or

delay filing suit, is not relevant to the issues in this dispute and it is not reasonably calculated to

lead to the discovery of admissible evidence.

### REQUEST NO. 11:

All documents and ESI relating to Plaintiff's relationship with any authorized reseller of BS Contact Geo (including, but not limited to Planet 9 Studios, Inc. and Synergy Software Design), including proposals, invoices, receipts, and all draft and/or final contracts.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

### RESPONSE TO REQUEST NO. 11:

Plaintiff objects to Request No. 11 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 11 on the grounds that "authorized reseller" is undefined by Defendant's definitions, vague, ambiguous, and capable of inconsistent interpretations. Plaintiff will construe "authorized reseller" to mean an entity explicitly authorized by Plaintiff to resell BS Contact Geo to the United States Government. Consistent with Plaintiff's General Objections above, Plaintiff will interpret the term "relationship with" to include only the subject matter of the parties' dispute.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged proposals, invoices, receipts, and draft and final contracts relating to an entity explicitly authorized by Plaintiff to resell BS Contact Geo to the United States Government.

### REQUEST NO. 12:

All documents and ESI relating to the negotiation and performance of work for Contract Nos. N00244-08-P-1039, N62583-12-P-0767, and N39430-15-P-1716, including, but not limited to, communications with the Navy, Planet 9 Studios, Inc., and Synergy Software Design.

### RESPONSE TO REQUEST NO. 12:

Plaintiff objects to Request No. 12 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 12 to the extent it is duplicative of Request No. 11. Plaintiff further objects to Request No. 12 to the extent that it seeks documents that are privileged or otherwise protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity, or protected as a trade secret. Plaintiff further objects to Request No. 12 to the extent that the

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

documents sought are already in the possession, custody, or control of Defendant, or are publicly

available or obtainable from some other source that is less burdensome or less expensive.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of Plaintiff's written communications and

internal files related to negotiation and performance of work for Contract Nos. N00244-08-P-

1039, N62583-12-P-0767, and N39430-15-P-1716.

### REQUEST NO. 13:

All documents and ESI relating to the sale or license of BS Contact Geo to the Navy,
including, but not limited to, communications regarding licensing terms or sales terms, and
licensing or sales term sheets.

### RESPONSE TO REQUEST NO. 13:

Plaintiff objects to Request No. 13 on the grounds that a request for "All documents and

ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 13 to the

extent it is duplicative of Request Nos. 11 and 12. Plaintiff further objects to Request No. 13 to

the extent that it seeks documents that are privileged or otherwise protected from discovery by

the attorney-client privilege, work product doctrine, or other applicable privilege or immunity, or

protected as a trade secret. Plaintiff further objects to Request No. 13 to the extent that the

documents sought are already in the possession, custody, or control of Defendant, or are publicly

available or obtainable from some other source that is less burdensome or less expensive.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of Plaintiff's written communications and

internal files related to the sale or licensing terms for licenses of BS Contact Geo to the Navy.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

- 14 -

**REQUEST NO. 14:**

All documents and ESI relating to the installation of BS Contact Geo on government systems, including Plaintiff's role in such installations, Plaintiff's request for such installations, and Plaintiff's knowledge of such installations.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to Request No. 14 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 14 to the extent that the documents sought are already in the possession, custody, or control of Defendant. Plaintiff further objects to Defendant's characterization in Request No. 14 that Plaintiff had requested, had a role, and had knowledge of such installations.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control consisting of Plaintiff's written communications and internal files regarding the Navy's installation of BS Contact Geo on government systems.

**REQUEST NO. 15:**

All documents and ESI relating to the uses of BS Contact Geo on government systems, including Plaintiff's role in such uses, Plaintiff's request for such uses, and Plaintiff's knowledge of such uses.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to Request No. 15 on the grounds that the term "uses" is undefined by Defendant's definitions, and is vague, ambiguous, and capable of inconsistent interpretations. Plaintiff further objects on the grounds that the request as written is confusing and fails to describe the categories of documents requested with reasonable particularity. Plaintiff further objects to Request No. 15 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 15 to the extent that

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

the documents sought are already in the possession, custody, or control of Defendant, or are

publicly available or obtainable from some other source that is less burdensome or less

expensive.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of Plaintiff's written communications and

internal files regarding the purposes for which the Navy planned to use or did use BS Contact

Geo.

**REQUEST NO. 16:**

All documents and ESI relating to any modification of BS Contact Geo to facilitate the
installation or distribution of such software on Navy computers or networks.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to Request No. 16 on the grounds that a request for "All documents and

ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 16 to the

extent that the documents sought are already in the possession, custody, or control of Defendant.

Plaintiff further objects to Request No. 16 to the extent it seeks documents protected as a trade

secret. Plaintiff further objects to Request No. 16 to the extent it is duplicative of Request No.

14.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of Plaintiff's written communications and

internal files about modifications of BS Contact Geo to facilitate the Navy's installation or

distribution of the software.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**REQUEST NO. 17:**

All documents and ESI relating to compensation or other money received by Plaintiff relating to the Navy's use of BS Contact Geo.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to Request No. 17 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 17 to the extent that the documents sought are already in the possession, custody, or control of Defendant.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control.

**REQUEST NO. 18:**

All correspondence, other documents, or electronically stored information between Plaintiff and the Navy.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to Request No. 18 on the grounds that the phrase "information between Plaintiff and the Navy" is vague, ambiguous, overbroad, and unduly burdensome. Plaintiff will construe "information between Plaintiff and the Navy" to mean written communications exchanged between the Plaintiff and the Navy. Plaintiff further objects to Request No. 18 on the grounds that a request for "All correspondence, other documents, or electronically stored information between Plaintiff and the Navy" is overbroad, unduly burdensome, and not calculated to lead the discovery of admissible evidence. Plaintiff further objects to Request No. 18 to the extent that the documents sought are already in the possession, custody, or control of Defendant. Plaintiff further objects to Request No. 18 to the extent it is duplicative and cumulative of Request Nos. 1, 2, 9, 12, 13, 14, 15, 16, and 17.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control consisting of written communications exchanged between Plaintiff and the Navy regarding the licensing and/or resale of BS Contact Geo to the United States Government.

**REQUEST NO. 19:**

All correspondence, other documents, or electronically stored information between Plaintiff and Planet 9 Studios, Inc.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to Request No. 18 on the grounds that the phrase "information between Plaintiff and Planet 9 Studios, Inc." is vague, ambiguous, overbroad, and unduly burdensome. Plaintiff will construe "information between Plaintiff and Planet 9 Studios, Inc." to mean written communications exchanged between the Plaintiff and Planet 9 Studios, Inc.  Plaintiff further objects to Request No. 19 on the grounds that a request for "All correspondence, other documents, or electronically stored information between Plaintiff and Planet 9 Studios, Inc." is overbroad, unduly burdensome, and not reasonable calculated to lead to admissible evidence. Plaintiff further objects to Request No. 19 on the grounds that it is duplicative of Request No. 11.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control consisting of written communications exchanged between Plaintiff and Planet 9 Studios, Inc. regarding the licensing and/or resale of BS Contact Geo to the United States Government.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**REQUEST NO. 20:**

All correspondence, other documents, or electronically stored information between Plaintiff and Synergy Software Design.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to Request No. 18 on the grounds that the phrase "information between

Plaintiff and Synergy Software Design" is vague, ambiguous, overbroad, and unduly

burdensome. Plaintiff will construe "information between Plaintiff and Synergy Software

Design" to mean written communications exchanged between the Plaintiff and Synergy Software

Design. Plaintiff objects to Request No. 20 on the grounds that a request for "All

correspondence, other documents, or electronically stored information between Plaintiff and

Synergy Software Design" is overbroad, unduly burdensome, and not reasonable calculated to

lead to admissible evidence. Plaintiff further objects to Request No. 20 on the grounds that it is

duplicative of Request No. 11.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of written communications exchanged

between Plaintiff and Synergy Software Design regarding the licensing and/or resale of BS

Contact Geo to the United States Government.

**REQUEST NO. 21:**

All documents and ESI, including press releases and advertising, in which Plaintiff cited the Navy's actual or potential use of Plaintiff's products or services.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to Request No. 21 on the grounds that a request for "All documents and

ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 21 to the

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

- 19 -

extent any such press releases and advertising are publicly available or obtainable from some

other source that is less burdensome or less expensive.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control.

**REQUEST NO. 22:**

All documents and ESI relating to licenses for software between Plaintiff and any of the following organizations: Penn State University, the University of Western Australia, Lockheed Martin, Daimler, Intel, IBM, Deutsche Telekom, Audi, Volkswagen, Bosch, Siemens, and the Department of Public Works for the Queensland Government.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to Request No. 22 on the grounds that a request for "All documents and

ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 22 to the

extent that it seeks documents that are privileged or otherwise protected from discovery by the

attorney-client privilege, work product doctrine, or other applicable privilege or immunity.

Plaintiff further objects to Request No. 22 on the grounds that documents or ESI relating to

licenses for software programs other than BS Contact Geo are not relevant to the issues in this

dispute and it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to Request No. 22 to the extent that it seeks the protected personal data

of third parties.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control consisting of licenses for BS Contact Geo with the

above organizations.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

- 20 -

**REQUEST NO. 23:**

All documents and ESI concerning the valuation of BS Contact Geo.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to Request No. 23 on the grounds that the terms "concerning" and "valuation" are not defined by Defendants, are vague, ambiguous, and capable of inconsistent interpretations. Plaintiff further objects on the grounds that the request as written is confusing and fails to describe the categories of documents requested with reasonable particularity. Plaintiff will construe the phrase "concerning the valuation of BS Contact Geo" to mean a valuation analysis of BS Contact Geo performed by or at the direction of Plaintiff. Plaintiff further objects to Request No. 23 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 23 as premature to the extent it seeks expert discovery regarding the valuation of BS Contact Geo. Plaintiff further objects to Request No. 23 to the extent it is duplicative of Request Nos. 24, 25, and 28.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control consisting of valuation analyses of BS Contact Geo performed by or at the direction of Plaintiff.

**REQUEST NO. 24:**

All documents and ESI relating to budgets, projected revenues and expenses, projected sales, projected profits, or other forecasts of operations relating to BS Contact Geo.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to Request No. 24 on the grounds that a request for "All documents and ESI" is overbroad and unduly burdensome. Plaintiff further objects to Request No. 24 on the

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

grounds that the phrase "other forecasts of operations" is vague, ambiguous, and capable of inconsistent interpretations. Plaintiff further objects to Request No. 24 on the grounds that "budgets, projected revenues and expenses, projected sales, [and] projected profits" are not relevant to the issues and dispute and are not calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Request No. 24 to the extent it is duplicative of Request No. 23.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control consisting of Plaintiff's budgets and projected sales, revenues, expenses, and profits for BS Contact Geo.

**REQUEST NO. 25:**

All audited and un-audited income statements, balance sheets, and statements of cash flows on a monthly, quarterly, and annual basis that relate to BS Contact Geo.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to Request No. 25 on the grounds that a request for "all" of Bitmanagement's income statements, balance sheets, and statements of cash flows is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control including Plaintiff's annual income statements, balance sheets, and cash flow statements that specifically relate to BS Contact Geo.

**REQUEST NO. 26:**

All documents and ESI sufficient to identify Plaintiff's policies or practices for the maintenance, destruction, or retention of documents or files.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

- 22 -

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to Request No. 26 to the extent that it seeks documents that are

privileged or otherwise protected from discovery by the attorney-client privilege, work product

doctrine, or other applicable privilege or immunity.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control sufficient to identify Plaintiff's polices or practices for

the maintenance, destruction, or retention of documents.

**REQUEST NO. 27:**

All documents and ESI relating to the corporate, business, and organizational structure of
Plaintiff.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to Request No. 27 on the grounds that a request for "All documents and

ESI" is overbroad and unduly burdensome.

Subject to and without waiving Plaintiff's foregoing general and specific objections,

Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents

within its possession, custody, or control.

**REQUEST NO. 28:**

Documents and ESI sufficient to demonstrate the actual money received by Plaintiff for
each copy of BS Contact Geo sold or otherwise delivered to any organization other than another
unit of Plaintiff.

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to Request No. 28 on the grounds that an accounting of "each copy" sold is overbroad and unduly burdensome. Plaintiff further objects to Request No. 28 to the extent that the documents sought are already in the possession, custody, or control of Defendant.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff will exercise reasonable diligence to locate and produce any non-privileged documents within its possession, custody, or control consisting of invoices or receipts that are sufficient to demonstrate the actual money Plaintiff received for sales of BS Contact Geo.

Respectfully submitted,

CARL NICHOLS
*Counsel of Record*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: carl.nichols@wilmerhale.com

*Of Counsel*
BARRY J. HUREWITZ
ADAM RAVIV
DAVID G. BERAKA
MATTHEW J. WORTHINGTON
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: barry.hurewitz@wilmerhale.com
        adam.raviv@wilmerhale.com

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

david.beraka@wilmerhale.com
matt.worthington@wilmerhale.com

*Counsel for Plaintiff Bitmanagement Software
GmbH*

Dated: March 6, 2017

PROTECTED INFORMATION TO BE DISCLOSED ONLY IN ACCORDANCE WITH THE
UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

- 25 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2017, I served the foregoing on Scott

Bolden and Michel Souaya via email pursuant to Court of Federal Claims Rule 5(b)(2)(E).

>           scott.bolden@usdoj.gov
>           michel.e.souaya@usdoj.gov

DAVID G. BERAKA

WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: david.beraka@wilmerhale.com

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BITMANAGEMENT SOFTWARE GMBH,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 16-840 C

Senior Judge Edward J. Damich

### PLAINTIFF'S PRELIMINARY PROPOSED
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In accordance with the Court's Trial Preparation Order, Dkt. 40, Plaintiff Bitmanagement Software GmbH hereby serves the following preliminary proposed findings of fact and conclusions of law. Plaintiff reserves the right to propose additional or amended findings of fact and conclusions of law.

### PROPOSED FINDINGS OF FACT

**I.   Background**

**A.   The Parties**

1.   Plaintiff Bitmanagement Software GmbH ("Bitmanagement") is a German corporation headquartered in Berg, Germany that develops software for rendering three-dimensional computer graphics. (Testimony of Peter Schickel; P006; P019; P021.)

2.   Peter Schickel serves as Bitmanagement's CEO. Bitmanagement also employs other personnel. (Testimony of Peter Schickel; P006; P009; P019.)

3.   Defendant is the United States of America ("Government"), which encompasses, *inter alia*, the United States Department of Defense, the United States Department of the Navy (the "Navy"), and the Naval Facilities Engineering Command ("NAVFAC"). These

1

central server: "It typically deals with software running in the server where users connect via the network."  (P083; P203.)

17. The term "floating license" is not typically used in the software licensing industry and does not have a defined or commonly understood meaning.  (Testimony of Peter Schickel; Testimony of George Graff; P017; P020; P060; P203.)

18. PC or seat licenses are the most common type of software licenses, while concurrent licenses are rare.  (Testimony of Peter Schickel; Testimony of George Graff; P231.)

19. In the absence of an express agreement granting additional rights, a software license is understood to be a PC or seat license that grants the licensee the right to install a single copy of the software onto one computer.  (Testimony of Peter Schickel; Testimony of George Graff.)

20. This is in accord with the Government's software licensing practices, which indicate that "PC" or "seat" licenses are standard license type and are more commonly used than "concurrent use" licenses.  The Department of Defense defines a "per seat" license as a "traditional software license."  (Testimony of George Graff; P200.)

**C.    Bitmanagement's Advanced "BS Contact Geo" 3D Rendering Software**

21. Since its founding in 2002, Bitmanagement has developed and published specialized computer software for rendering and viewing three-dimensional graphics.  (Testimony of Peter Schickel; P019; P021; P170; P192; P210; P225.)

22. In addition to publishing software, Bitmanagement also provides ongoing technical support services for its customers for a fee.  (Testimony of Peter Schickel; P171; P176; P179; P180; P182.)

23. Bitmanagement's "core product" is BS Contact, a basic three-dimensional data renderer and viewer.  Bitmanagement released BS Contact shortly after the company's founding in

2002 and has continued to release new versions since 2002.  (Testimony of Peter Schickel; P019; P021; P070; P171; P210.)

24.   BS Contact Geo is an interactive, advanced version of Bitmanagement's BS Contact software that allows for rendering and viewing of three-dimensional geospatial data contained within various 3D graphics data formats, including X3D and VRML. "Geospatial data" refers to geographic information associated with a specific location, such as a road map tied to geographic coordinates.  BS Contact Geo is based on Bitmanagement's less advanced BS Contact software, which does not include geospatial functionality.  (Testimony of Peter Schickel; Testimony of George Graff; P009; P070; P121; P122; P170; P171; P184; P210; P230.)

25.   As Bitmanagement describes on its public website, BS Contact Geo "enables the visualization of geographic information in third-party hardware and software products. The software is expanded and is focus[ing] on the special requirements of the GIS community using ISO standard compliant formats like CityGML and Geo-nodes." (Testimony of Peter Schickel; Testimony of George Graff; P009; P019; P121; P122; P171; P184; P230.)

26.   BS Contact Geo offers customers "very specific geospatial functions" and can render photorealistic terrain and city models.  BS Contact Geo may also be used for architecture visualizations and interactive urban development planning.  Bitmanagement first released BS Contact Geo in 2006 and has since offered numerous versions for sale to the public. Sample screenshots from BS Contact Geo are provided below, which illustrate its capabilities:

6

sold one BS Contact Geo subdomain license to Saudi Aramco in 2013 for €15,000 with the understanding that 5-10 computers would install the software, equating to €1,500 per PC or seat. (Testimony of Peter Schickel; Testimony of George Graff; P011; P019; P070; P074; P171.)

43. Bitmanagement does not sell concurrent use licenses of BS Contact Geo. Bitmanagement has never offered concurrent use licenses for sale, nor has it ever discussed providing concurrent use licenses to any customers. (Testimony of Peter Schickel; P011; P019; P171.)

44. In its marketing, Bitmanagement promotes BS Contact Geo as providing a collaborative, interactive environment where multiple users can view the same content at the same time. This is because numerous computers, each with a BS Contact Geo PC or seat license, can access and view the same three-dimensional content at the same time. Bitmanagement's marketing materials refer to "concurrent" use to explain how multiple users can simultaneously, or concurrently, view and interact with the same content. (Testimony of Peter Schickel; P019; P031; P033; P215.)

45. Bitmanagement has sold BS Contact Geo licenses to numerous customers. These customers include large institutional customers, including the United States Navy, the Australian Government, and Saudi Aramco. (Testimony of Peter Schickel, Testimony of George Graff; P038; P067; P090; P176; P179; P180; P182.)

46. Bitmanagement has also sold licenses of its software—including licenses of programs other than BS Contact Geo—to other customers, including NASA, the Naval Postgraduate School, Virginia Polytechnic Institute (Virginia Tech University), Daimler

11

AG, and Ewicom AG. (Testimony of Peter Schickel, Testimony of George Graff, P043; P098.)

47.     Bitmanagement still offers BS Contact Geo licenses for sale to this day. Bitmanagement continues to develop other software programs as well. (Testimony of Peter Schickel; P210; P230.)

**D.     The Navy's Reliance on BS Contact Geo for SPIDERS 3D and other Purposes**

48.     The Navy relies upon Bitmanagement's BS Contact Geo software in its proprietary enterprise-wide "SPIDERS 3D" computer engineering interface. (Testimony of Peter Schickel; P017; P020; P025; P104; P121; P122; P184; P215; P216; P229.)

49.     SPIDERS 3D is a web-based platform that provides a virtual reality environment for NAVFAC engineers and technicians to view and optimize configurations of Navy installations, bases, and facilities. Sample screenshots of SPIDERS 3D containing BS Contact Geo renderings are shown below:



A34

Dated: September 28, 2018          Respectfully submitted,

*Attorneys for Plaintiff*

<u>/s/ Brent J. Gurney</u>
Brent J. Gurney
Adam Raviv
Leon Kenworthy
Michael Carpenter
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: brent.gurney@wilmerhale.com
        adam.raviv@wilmerhale.com
        leon.kenworthy@wilmerhale.com
        michael.carpenter@wilmerhale.com

Allison Trzop
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: allison.trzop@wilmerhale.com

*Counsel for Bitmanagement Software GmbH*

67