# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 16-840 C<br>Senior Judge Edward J. Damich |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A STATUS CONFERENCE

In advance of the Court's scheduled status conference on November 6, 2018 (ECF No. 42), Bitmanagement submits this response to clarify the issues. The Government's motions were moot before they were filed. Both the Motion for a Status Conference (ECF No. 41) and the attached proposed Motion to Compel (ECF No. 41-1) are based on a single Proposed Finding of Fact that Bitmanagement offered to delete *before* the Government filed its motions. *See* ECF No. 41-2 at A3 ("Bitmanagement is prepared to delete Preliminary Proposed Finding of Fact No. 46 from its Preliminary Proposed Findings of Fact and Conclusions of Law."); ECF No. 41-1 at 3 (Government acknowledging that Bitmanagement's counsel "offer[ed] to delete Plaintiff's Proposed Finding of Fact No. 46"). Rather than accept this efficient resolution, the Government instead resorts to unnecessary motion practice, in an apparent effort to reopen a discovery issue that could have, and should have, been resolved more than a year ago, before fact discovery closed.

On September 28, 2018, Bitmanagement served its Preliminary Proposed Findings of Fact and Conclusions of Law on the Government. On October 17, 2018, the Government

contacted counsel, seeking additional document production from Bitmanagement. The sole basis for the Government's demand for additional production was Bitmanagement's Proposed Finding of Fact No. 46. *See* ECF No. 41-2 at A1 ("[I]n light of the position taken by Bitmanagement in its pretrial Proposed Find of Fact No. 46, I requested that Bitmanagement immediately produce the agreements cited in the proposed finding and amend and supplement its response to the government's Request for Production No. 22.") Bitmanagement's counsel, in response, offered to simply delete the proposed finding. *See* ECF No. 41-2 at A3. This should have ended the matter. Instead, and without any additional communication to Bitmanagement, the Government filed the present motions with the Court seeking to reopen fact discovery and obtain attorney's fees in the process. ECF No. 41-1 at 6.

If anything, the Government is using Bitmanagement's now-deleted Proposed Finding of Fact as an excuse to revisit a discovery matter that the Government had ample opportunity to address long ago. In January 2017, the Government served requests for production on Bitmanagement. Request No. 22 sought "[a]ll documents and ESI relating to licenses for software between" Bitmanagement and 12 different commercial customers. ECF No. 41-2 at A23. In its objections and responses served in March 2017, Bitmanagement explained why the Government's request was overbroad and irrelevant insofar as it demanded documentation regarding software products not at issue in this litigation. *Id.* Bitmanagement agreed to produce, and did produce, licenses of BS Contact Geo, the software product that is at issue in this case. *Id.*

If the Government believed Bitmanagement's March 2017 objection was unsupported, it could have moved to compel production, or communicated further with Bitmanagement on this issue. It could have done so at any point before the close of fact discovery—which was also "the

deadline for filing motions to compel"—on December 22, 2017 (ECF No. 20). *Shell Petroleum, Inc. v. United States*, 46 Fed. Cl. 583, 583 (2000). The Government never did so. To the contrary, the Government joined Bitmanagement in representing to this Court that the parties had worked "expeditiously and cooperatively" to complete fact discovery. ECF No. 19 at ¶ 3. Likewise, expert discovery closed in May 2018, again without any request for this production or the suggestion by either of the parties' expert witnesses that these materials were necessary or useful for their work. ECF No. 22.

Resurrecting a discovery issue that was undisputed when discovery closed and is at present mooted by Bitmanagement's offer to delete Preliminary Proposed Finding of Fact No. 46 is untimely and unwarranted. The Government's failure to specify what possible harm it faces in the absence of this Court's intervention is rendered all the more glaring by the deletion of Proposed Finding of Fact No. 46. Nonetheless, should the Court accept submission of the Government's Motion to Compel or should it permit the Government to file a motion for leave to request discovery out of time, Bitmanagement respectfully requests the opportunity to respond.[1] Bitmanagement additionally submits that no delay to the pretrial schedule, and particularly not the delay of four weeks that the Government seeks (ECF No. 41-1 at 6-7), is justified here.

---

[1] To the extent the Government's demand to reopen fact discovery relies on any Proposed Findings of Fact other than No. 46, its motion should be rejected out of hand as no other Proposed Findings of Fact were mentioned in any of the Government's written or oral communications with Bitmanagement's counsel in advance of the Government's motions. Any motion to compel based on other Proposed Findings of Fact would violate the Court's meet-and-confer requirements. COFC Rule 37(a)(1).

Respectfully submitted,

*/s/ Brent J. Gurney* (*for Carl J. Nichols*)
CARL J. NICHOLS
*Counsel of Record*
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: carl.nichols@wilmerhale.com

*Of Counsel*
BRENT J. GURNEY
ADAM RAVIV
LEON KENWORTHY
MICHAEL CARPENTER
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: brent.gurney@wilmerhale.com
       adam.raviv@wilmerhale.com
       leon.kenworthy@wilmerhale.com
       michael.carpenter@wilmerhale.com

ALLISON TRZOP
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email:  allison.trzop@wilmerhale.com

*Counsel for Plaintiff Bitmanagement Software GmbH*

Dated: November 5, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on the fifth day of November, 2018, I served the foregoing on Scott Bolden via email and courier at the following address:

>Scott Bolden
>Deputy Director, Commercial Litigation Branch
>Civil Division, U.S. Department of Justice
>950 Pennsylvania Ave., N.W.
>Washington, D.C. 20530
>scott.bolden@usdoj.gov

>*/s/ Brent J. Gurney* (*for Carl J. Nichols*)
>CARL J. NICHOLS
>WILMER CUTLER PICKERING
>    HALE AND DORR LLP
>1875 Pennsylvania Avenue, N.W.
>Washington, DC 20006
>Telephone: (202) 663-6000
>Facsimile: (202) 663-6363
>Email: carl.nichols@wilmerhale.com