IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BITMANAGEMENT SOFTWARE GMBH,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 16-840 C

Senior Judge Edward J. Damich

## DEFENDANT'S MOTION TO POSTPONE TRIAL AND REOPEN DISCOVERY, OR, IN THE ALTERNATIVE, TO STRIKE

Due to an untimely and unfairly prejudicial disclosure of a proposed trial witness and exhibits by Plaintiff, Defendant the United States (the Government) moves the Court to postpone the fast-approaching trial, scheduled to begin in a little over a month, and reopen fact discovery for a limited period. Alternatively, the Government moves to strike the untimely disclosures of Plaintiff Bitmanagement Software GmbH (Bitmanagement). As explained in detail below, the Court's Trial Preparation Order required that Bitmanagement disclose its proposed trial witnesses and exhibits for its case-in-chief by September 28, 2018. See ECF 40 ¶ 2.a.i. On March 6, 2019, Bitmanagement identified, for the first time, a new proposed witness and seven new proposed exhibits that it intends to use for its case-in-chief. See A4-5 (email). Under the obligations imposed by Rules 26(a)(1)(A), 26(e)(1)(A), Appendix A of the Rules of the Court of Federal Claims (RCFC), and the Court's Trial Preparation Order (TPO), Bitmanagement should not be permitted to use the untimely disclosures at trial unless the Government has a fair opportunity to investigate and respond to the disclosures. As set forth in greater detail below, the Court should either allow the Government an opportunity to investigate and respond, or should

exclude Bitmanagement's untimely witness and exhibits because they are unfairly prejudicial. <u>See generally</u> RCFC 37(c); Rule 403 of the Federal Rules of Evidence.

## LEGAL STANDARD

Pursuant to RCFC 26, "a party must, without awaiting a discovery request, provide . . . a copy [or description] of all documents . . . that the disclosing party has . . . and may use to support its claims or defenses."   RCFC 26(a)(1)(A)(ii).   After making initial or responsive discovery disclosures, a party has an ongoing obligation to "supplement or correct" its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." RCFC 26(e)(1)(A).

A party who fails to abide by the obligations imposed by the Court's rules is subject to sanctions.  In particular, "[i]f a party fails to provide information . . . as required by RCFC 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   RCFC 37(c)(1).   In addition, "[t]he burden of establishing that a failure to disclose is substantially justified or harmless rests on the party who failed to make the required disclosure."   <u>Cohen v. United States</u>, 100 Fed. Cl. 461, 468 (2011).   This Court has also acknowledged that "the sanction of exclusion is mandatory . . . unless the offending party can show that its violation . . . was either justified or harmless."   <u>Scott Timber, Inc. v. United States</u>, 93 Fed. Cl. 221, 226 (2010).   The Court has used the following four factors to determine whether the failure to disclose was substantially justified or harmless:

> 1) the prejudice or surprise of the party against whom the evidence would have been admitted; 2) the ability of the party to cure that prejudice; 3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the

case or other cases in the court; and 4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Cohen, 100 Fed. Cl. at 468-69 (citations omitted); see also Scott Timber, 93 Fed. Cl. at 226-27 (citing a very similar test).

## BACKGROUND

In 2016, Bitmanagement Software GmbH filed this suit pursuant to Section 1498(b) of Title 28 to recover compensation "in an amount not less than $596,308,103." ECF 1 at 9. Bitmanagement, a German corporation, "develops and sells computer software." Id. ¶ 6. Bitmanagement asserts that the Government infringed its copyright in a computer program known as BS Contact Geo 8.001 when the United States Navy installed the program on hundreds of thousands of computers without authorization. See id. ¶ 1.

Fact discovery closed on December 22, 2017. See ECF 20, 21. For approximately the last seven months,[1] the parties have been engaged in pretrial preparation. See generally TPO. On September 28, 2018, Bitmanagement served the Government with its case-in-chief witness and exhibit lists. See TPO ¶ 2.a.i. Bitmanagement disclosed a total of two witnesses for trial and over 200 proposed exhibits. See, e.g., A6-7. On November 9, 2018, the Government responded with its case-in-chief witness and exhibit lists. See TPO ¶ 2.a.ii. On November 30, 2018, Bitmanagement served its rebuttal witness and exhibit lists (identifying no new witnesses and two new exhibits). See TPO ¶ 2.a.iii; A8-11.

On March 6, 2019, counsel for Bitmanagement and the Government participated in the pretrial meeting of counsel. For approximately 70 minutes, counsel discussed the topics required by the Court's rules and orders, including objections to the proposed witnesses and exhibits. See generally RCFC App'x A ¶ 13(c); TPO ¶ 2.b. Five minutes before the end of the call,

---

[1] The case, however, was stayed for approximately 29 days during this time period. See ECF 48, 51.

Bitmanagement's counsel announced that Bitmanagement planned to call a previously-undisclosed witness for trial, and planned to introduce unidentified exhibits for trial.  Counsel for the Government was surprised.  Bitmanagement had never disclosed the proposed witness as likely to have discoverable information in any of its discovery disclosures or responses. Bitmanagement had never identified the proposed witness and exhibits in any of its pretrial disclosures.  And even though the parties had informally exchanged initial objections shortly before the pretrial meeting of counsel, Bitmanagement did not identify the proposed witness and exhibits during this informal exchange.

Approximately 10 hours after the pretrial meeting of counsel, Bitmanagement's counsel sent an email to the Government's counsel that identified the new proposed witness and identified, for the first time, the new proposed exhibits.[2]  See A4-5.  In response, the Government contended that the untimely disclosures were unfairly prejudicial, and proposed that the parties move to reopen discovery to investigate the disclosures.  See A3-4.  Bitmanagement refused, and the parties could not resolve their impasse.  See A1-3.

## ARGUMENT

Despite the fact that Bitmanagement bears the burden of justifying its failure to disclose the proposed witness and exhibits, see Cohen, 100 Fed. Cl. at 468, Bitmanagement has never attempted to explain its failure to comply with its obligations.  See A1-5 (email).  Instead, Bitmanagement asserts that "[n]othing in the Court's rules or Pretrial Order suggests" that its pretrial disclosures were "unamendable," and that the untimely disclosures are not unfairly prejudicial.  A1.  As explained below, Bitmanagement's assertions are fundamentally flawed.

---

[2] Bitmanagement's counsel had suggested that Bitmanagement was considering the use of additional exhibits during a conference on February 27, 2019, but did not identify the exhibits at that time or at any time until 10 hours after the pretrial meeting of counsel.

I.     **THE COURT'S RULES AND ORDERS ARE STRUCTURED TO PREVENT TRIAL BY AMBUSH**

Contrary to Bitmanagement's characterization, the Government has never asserted that its pretrial disclosures were "unamendable."   A1.   Indeed, the Government even proposed a procedure that would have allowed amendment after allowing the Government to explore the untimely disclosures.  <u>See</u> A3-4.  But the Court's default rules do **not** allow a party to first identify new witnesses and exhibits after the pretrial meeting of counsel.  Pursuant to the pretrial procedures in RCFC Appendix A, counsel must identify all exhibits and witnesses before the pretrial meeting of counsel:

> Failure to list an exhibit **shall** result in exclusion of the exhibit at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure.

RCFC App'x A ¶ 13(a) (emphasis added).  Similarly:

> Failure of a party to list a witness **shall** result in the exclusion of the witness's testimony at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure.

RCFC App'x A ¶ 13(b) (emphasis added).

The Court's TPO reinforces the principle that counsel must act in good faith to identify all witnesses and exhibits prior to the pretrial meeting of counsel.  The TPO repeatedly cites and incorporates the procedures identified in RCFC Appendix A.  <u>See</u> TPO ¶ 2.b.ii ("Counsel shall follow the requirements set forth in Appendix A ¶ 13, to the extent not otherwise addressed in this Order."); <u>see also</u> <u>id.</u> ¶ 2.a.i.  Indeed, the entire structure of the TPO appears to be designed to minimize the risk of surprise disclosures.  Pursuant to the TPO, Bitmanagement served its case-in-chief disclosures in September 2018, the Government served its case-in-chief disclosures in October 2018, and Bitmanagement served its rebuttal disclosures in November 2018.  <u>See</u> TPO ¶¶ 2.a.i, 2.a.ii.   For Bitmanagement's rebuttal disclosures, the TPO required that

Bitmanagement provide "an explanation of its need for" any disclosures.   TPO ¶ 2.a.iii.   The parties exchanged information prior to the meeting of counsel, and the TPO instructed counsel to "act in good faith to list all witnesses, exhibits, and objections in these preliminary exchanges." TPO at 1 n.1.   Finally, the TPO requires that the parties file a joint statement certifying that "all objections to witnesses and exhibits were discussed in good faith . . . at the meeting of counsel." TPO ¶ 2.c.i.   These procedures provide for the orderly exchange of pretrial disclosures to provide each party with a fair chance to respond to the disclosures.   These procedures cannot be plausibly read as allowing Bitmanagement to tactically wait to amend its disclosures *sua sponte* after the pretrial meeting of counsel.

## II. THE GOVERNMENT IS UNFAIRLY PREJUDICED BY BITMANAGEMENT'S UNTIMELY DISCLOSURES

Bitmanagement's untimely disclosures have unfairly prejudiced the Government's ability to prepare for trial.   Absent leave of Court, the Government cannot:

- depose the proposed witness, see ECF 20 (closing fact discovery);

- obtain discovery from the proposed witness, see ECF 20 (closing fact discovery);

- designate responsive trial witnesses, see TPO ¶ 2.a.ii;

- designate responsive trial exhibits, see TPO ¶ 2.a.ii;

- file any motions *in limine*, see TPO ¶ 2.c.i;

- provide competent objections before the deadline set by the Court, see TPO ¶ 2.c.i; and

- provide competent stipulations before the deadline set by the Court, see TPO ¶ 2.c.ii.

The unfair prejudice of these impediments is compounded by the fact that Bitmanagement never disclosed the proposed witness as an individual likely to have discoverable information.   See RCFC(a)(1)(A)(i).

Bitmanagement's counsel proposed that it would be willing to forego calling the proposed witness if the Government agreed to a broad stipulation covering Bitmanagement's representation of his testimony.  <u>See</u> A3.  Bitmanagement's proposal highlights the unfair prejudice to the Government:  as proposed, the Government must either allow the surprise witness to be called without an opportunity for discovery, or must enter into a broad stipulation on Bitmanagement's terms.

## III.   REOPENING DISCOVERY AND POSTPONING TRIAL IS WARRANTED

The Government proposed a solution to Bitmanagement that would have mitigated the unfair prejudice, but Bitmanagement rejected it.  In particular, the Government requested that:

> Bitmanagement join us in filing a motion to postpone the trial, reset the pretrial disclosures, and reopen fact discovery for 60 days.

A4.  The Government's request was reasonable, and fully consistent with the mandate of the Court's default pretrial procedures:

> Any witness whose identity has not been previously disclosed **shall** be subject to discovery.

RCFC App'x A ¶ 13(b) (emphasis added).  The Government's request for a limited period of fact discovery would provide the Government with an opportunity to mitigate the unfair prejudice caused by Bitmanagement's untimely disclosures.  Bitmanagement, however, quickly rejected the Government's "demand" as "a drastic measure," ignoring the rules and its own responsibility for the situation.  A3.

## IV.   IN THE ALTERNATIVE, THE GOVERNMENT MOVES TO STRIKE THE UNTIMELY DISCLOSURES

In the alternative, the Court's rules mandate exclusion for witnesses and exhibits that were not identified prior to the pretrial meeting of counsel, absent agreement or "a compelling reason for the failure" to disclose.  RCFC App'x A ¶ 13(a, b).  The Federal Circuit has held such

exclusion for discovery failures is wholly within the discretion of the district court, noting that "[w]hen a party fails to obey an order regarding discovery, Federal Rule of Civil Procedure 37 provides district courts with broad discretion to 'make such orders in regard to the failure as are just,' which includes 'prohibiting the party from introducing designated matters in evidence.'" Chimie v. PPG Indus., 402 F.3d 1371, 1381 (Fed. Cir. 2005) (citing Fed. R. Civ. Proc. 37(b)(2)). Bitmanagement has refused to provide any reason for its failure to make the disclosures in a timely manner, and has refused to join the Government's request for sufficient time to investigate the disclosures.  Accordingly, the untimely disclosures are excludable.

## CONCLUSION

In view of the foregoing, the Government requests that the Court postpone trial and reopen fact discovery for 60 days to provide the Government a fair opportunity to investigate Bitmanagement's untimely disclosures.  Alternatively, the Government requests that the Court strike Bitmanagement's witness and exhibits as unfairly prejudicial.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

s/Scott Bolden
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Email:        Scott.Bolden@USDOJ.gov
Telephone:   (202) 307-0262
Facsimile:   (202) 307-0345

Of Counsel:
PATRICK C. HOLVEY
Department of Justice

RICHARD J. HUBER
ANDREW P. ZAGER
Department of the Navy

March 13, 2019                    *Attorneys for Defendant the United States*

-8-