**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH,<br><br>                      Plaintiff,<br>     v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                      Defendant. | Case No. 16-840 C<br><br>Senior Judge Edward J. Damich |

**REPLY IN SUPPORT OF REQUEST TO PRESENT DIRECT TESTIMONY IN WRITTEN FORM**

The Government has no serious basis for opposing Bitmanagement's request to present the direct testimony of two of its witnesses in written form. The Court's Trial Preparation Order stated that "the Court is committed to cost-effective methods of resolving and trying cases" and invited the parties to "consider whether direct testimony submitted in written form may be preferable." Dkt. 40 § 3.e.

Written, direct testimony of Peter Schickel and George Graff will be more cost-effective than, and preferable to, live testimony. Mr. Schickel is not a native English speaker. If he testifies live, Bitmanagement estimates that Mr. Schickel's direct examination will last six hours with a translator, while the Government has indicated its own examination of Mr. Schickel to support its case-in-chief will last *eight hours* with a translator. As to Mr. Graff, he has already written two extensive expert reports, and his testimony will address technical subjects that will be more helpful to the Court in written form.

The Government will not be prejudiced by this request. To the extent the Government asserts that live testimony is important, Mr. Schickel and Mr. Graff will testify live and in person at the trial, for cross-examination and redirect examination.

The Government's opposition argues mightily that the Court's rules demonstrate a preference for trial testimony to be taken in "open court" (Opp. at 1), but that argument leads into a cul-de-sac. Both witnesses *will be* testifying in open court, where the Government will be free to examine them to its heart's content. The Government also conspicuously fails to mention that it requested—and the Court granted—permission for one of its own key trial witnesses, Patrick Samuel Chambers, to testify outside of the courtroom, by videoconference *from Los Angeles.* Dkt. 60, 72.

Accordingly, Bitmanagement respectfully submits that the Court should grant its request regarding direct testimony in written form.

Dated: March 21, 2019          Respectfully Submitted,

/s/ Brent. J. Gurney
Brent J. Gurney
*Counsel of Record*
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: brent.gurney@wilmerhale.com

*Of Counsel*
Adam Raviv
Leon T. Kenworthy
Michael Carpenter
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: adam.raviv@wilmerhale.com
       leon.kenworthy@wilmerhale.com
       michael.carpenter@wilmerhale.com

Allison Aviki
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: allison.aviki@wilmerhale.com

Kevin Goldman
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: kevin.goldman@wilmerhale.com

*Counsel for Bitmanagement Software GmbH*