# In the United States Court of Federal Claims

No. 16-840C
(Filed: March 25, 2019)

```
*************************************
                                    *
BITMANAGEMENT SOFTWARE              *
GMBH,                               *
                                    *
           Plaintiff,               *
                                    *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
           Defendant.               *
                                    *
*************************************
```

## ORDER

On March 7, 2019, Plaintiff, Bitmanagement Software ("Bitmanagement"), filed a motion to present direct testimony in written form. ECF No. 57. On March 19, the Government filed its response in opposition. ECF No. 74. On March 21, 2019, Bitmanagement replied. ECF No. 79.

Bitmanagement requests permission to present the direct testimony of Peter Schickel and George Graff in written form, pursuant to the Court's Trial Preparation Order, ECF No. 40. The Court's Trial Preparation Order states, in relevant part:

> The Court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their witnesses' affirmative testimony in writing in advance. The witnesses are then subject to cross-examination before the court in open court.

Trial Preparation Order, ECF No. 40, § 3.e.

Bitmanagement argues that Mr. Schickel's testimony will be more efficiently presented in written form, with a certified translation from German, because: (1) he is not a native English speaker, so his testimony will have to be presented through an interpreter; and (2) some of his testimony will concern technical matters. ECF No. 57, at 1–2; ECF No. 79, at 1–2.

With regard to George Graff's testimony, Bitmanagement argues that Mr. Graff has already submitted two written expert reports in this case and that much of his testimony will concern technical issues that would be more efficiently presented and helpful in written form.  ECF No. 57, at 2; ECF No. 79, at 1–2.

Bitmanagement maintains that both witnesses will be available in-person at trial for cross-examination and redirect, allowing the Court to judge their demeanor.  ECF No. 57, at 1; ECF NO. 79, at 2.

The Government argues that the Court has a preference for live testimony so that it may judge the demeanor of a witness.  ECF No. 74, at 1–2.  In addition, the Government contends that because these witnesses will support a large portion of proposed facts, there is a greater need for in-person testimony.  ECF No. 74, at 2.

The Court agrees with Bitmanagement that Mr. Schickel's direct testimony would be more efficiently presented and helpful in written form, with a certified translation from German.  Mr. Schickel is not a native English speaker, and he will be available in-person for cross-examination and redirect where the Court will have the opportunity to judge his demeanor.

Likewise, Mr. Graff's direct testimony would be more efficiently presented and helpful in written form.  Pursuant to the Court's Order on Defendant's Motion in Limine to Exclude the Testimony of George L. Graff, Mr. Graff's direct testimony will be limited to the issue of damages.  Provided that Mr. Graff's testimony in this regard does not consist of or reference his expert reports, it may be presented in written form.  Mr. Graff will then be available in-person for cross-examination, redirect, and to answer the Court's questions, if any, as to how certain terms of art would be interpreted by the software licensing industry.  This will provide the Court with ample opportunity to judge Mr. Graff's demeanor.

Significantly, there is no indication that the Government will be prejudiced by the presentation of Mr. Schickel's or Mr. Graff's direct testimony in written form.  The Government will have one week before trial begins to review the testimony of these witnesses and formulate questions for cross-examination.  This is a distinct advantage to the Government, particularly in light of the Government's contention that these witnesses will support a large proportion of the proposed facts.  *See* ECF No. 74, at 2.

Accordingly, the Court hereby **GRANTS** Bitmanagement's motion as qualified above.  On or before April 15, 2019, Bitmanagement shall submit to the Court and to the Government certified copies of: (1) Mr. Schickel's direct testimony in both English and German; and (2) Mr. Graff's direct testimony on damages.

**IT IS SO ORDERED.**

s/ Edward J. Damich
EDWARD J. DAMICH
Senior Judge