IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH, <br><br>Plaintiff, <br><br>v. <br><br>THE UNITED STATES, <br><br>Defendant. | No. 16-840 C <br><br>Senior Judge Edward J. Damich |

**DEFENDANT'S REPLY
IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS**

Pursuant to the Court's Order filed on March 25, 2019 (ECF 83), Defendant, the United States ("the Government"), hereby submits its reply in support of its objections to Plaintiff's proposed exhibits.

Plaintiff, Bitmanagement Software GmbH ("Bitmanagement"), addressed some of the Government's objections in its Response. See ECF 86 (Response); ECF 65 (Objections). As described below, the Government offers its reply in support of its objections to Bitmanagement's responses.

**I.   HEARSAY**

As the Government explained, the Government intends to raise a hearsay objection for certain exhibits proposed by Bitmanagement only "[i]n the absence of in-court testimony from a relevant sponsoring witness or a hearsay exception." ECF 65 at 2. In response, Bitmanagement asserts that it will offer the exhibits "through a relevant sponsoring witness or pursuant an [*sic*] applicable hearsay exception." ECF 86 at 1-2. Bitmanagement further asserts that it will establish the admissibility of several specific exhibits at trial. See id. (citing P025, P076, P195, P231). The Government disputes Bitmanagement's assertions with respect to these exhibits, and

the Government will explain its basis for any objection raised at trial after Bitmanagement, the proponent of the exhibits, makes a showing as to admissibility. See FRE 104(a). Accordingly, the Government reserves the hearsay objections for trial and will only raise them in the absence of in-court testimony from a relevant sponsoring witness or a hearsay exception.

## II.     HEARSAY – ADMISSIBLE ONLY FOR LIMITED PURPOSE

Bitmanagement states that it does not intend to introduce exhibits P070, P072, and P074 at trial. Accordingly, the Government's objection to Bitmanagement's use of the exhibits appears moot.

## III.    INCOMPLETE

The Government objected to exhibits P023 and P062 as incomplete. See ECF 65 at 3. With respect to P062, Bitmanagement has proposed a satisfactory solution. See ECF 86 at 3. Nevertheless, the Government maintains its incompleteness objection to P023 because the exhibit appears to be missing both pages and context.

## IV.     FOUNDATION; AUTHENTICATION

As the Government explained, the Government intends to raise foundational and authentication objections for certain exhibits proposed by Bitmanagement only "[i]n the absence of in-court testimony from a relevant sponsoring witness or a hearsay exception." ECF 65 at 3. Bitmanagement acknowledges that these objections are reserved for trial. See ECF 86 at 3.

## V.      RELEVANCE

The Government objected to 12 proposed exhibits as irrelevant. See ECF 65 at 3. In response, Bitmanagement states that it does not intend to introduce six of the 12 proposed exhibits – P187, P219, P221, P222, P223, and P226. See ECF 86 at 4. Accordingly, the Government's objection with respect to these exhibits appears moot. The Government maintains its relevancy objection to the remaining exhibits – P025, P073, P167, P168, P220, and P231.

The Government will explain its basis for any objection raised at trial, but the remaining objections appear to be irrelevant for at least the following reasons:

P025 – The document was not authored or produced by any of the parties in suit.

P073 – The document was not authored or produced by any of the parties in suit; and at most, the document shows certain licensing practices of one company not related to the lawsuit.

P167 – Bitmanagement has not asserted that the Government infringed BS Contact Geo 7.002 and 9.000, or that either version is otherwise relevant to the issues in this case. The parties stipulated that Bitmanagement holds registrations for both. See Stip. ¶ 21. Given the stipulation, the registration exhibits do not make any fact of consequence more or less probable.

P168 – See explanation for P167 above.

P220 – The only relevance of Bitmanagement's RCFC 30(b)(6) notice of deposition is to Bitmanagement's deposition designations, and even in that situation, the notice is incomplete and irrelevant without the Government's objections and designations. See ECF 77-1 at A1-27.

P231 – While the Government does not dispute that the proposed exhibit is a 129-page GAO report, the report does not appear to address any fact of consequence in this case.

## VI. CUMULATIVE

The Government objected to exhibit P092 as needlessly cumulative. See ECF 65 at 3-4. Bitmanagement has proposed a satisfactory solution, see ECF 86 at 3, mooting the Government's objection.

## VII. FAIRNESS; OBJECTIONS RESERVED FOR TRIAL

The Government objected to certain placeholder exhibits (P233, P234, P235, P236, and P237) on fairness grounds and/or reserved its objections for trial. See ECF 65 at 4. Bitmanagement acknowledges that these objections are reserved for trial. See ECF 86 at 4.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

GARY L. HAUSKEN
Director

Of Counsel:
PATRICK C. HOLVEY
Department of Justice

RICHARD J. HUBER
ANDREW P. ZAGER
Department of the Navy

April 1, 2019

s/Scott Bolden
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Email: Scott.Bolden@USDOJ.gov
Telephone:   (202) 307-0262
Facsimile:   (202) 307-0345