IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　Defendant. | No. 16-840 C<br><br>Senior Judge Edward J. Damich |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE COURT'S MARCH 8, 2022 ORDER**

Defendant, the United States ("the Government"), responds to Plaintiff's Motion for Reconsideration of the Court's March 8, 2022 Order. See ECF 167 (Motion); ECF 168 (Memo in Support). In its Motion, Bitmanagement Software GmbH ("Bitmanagement") requests that the Court reconsider its March 8, 2022 Order scheduling a new trial. See ECF 167 at 1; ECF 166. The Government agrees with Bitmanagement that the Court should reconsider its Order. In particular, the Government requests that the Court first rule on the Government's prior cross-motion for reconsideration of its exclusion of the testimony of the Government's damages expert. See ECF 139; ECF 143. Contrary to Bitmanagement's view, the Court has broad discretion to hear new evidence on remand. Nevertheless, absent a favorable ruling on the Government's request that the Court allow the trial testimony of its damages expert, the parties agree that a new trial on all damages issues is unwarranted. Both parties previously presented their otherwise complete cases on damages during a first trial. Both parties agree that a new trial on the existing record is unnecessary and burdensome; a new trial is needed only if the Government's expert is allowed to testify. The Government respectfully requests that the Court: (1) rule on the Government's pending cross-motion that has been stayed; (2) set aside its March

-1-

8, 2022 Order; and (3) schedule a conference with the parties to discuss future proceedings in this litigation.

## BACKGROUND

On July 15, 2016, Bitmanagement filed its suit in this Court pursuant to 28 U.S.C. § 1498(b), asserting entitlement to compensation "in an amount not less than $596,308,103." ECF 1 ¶ 5. From the onset of this litigation, the parties jointly agreed that a trial in the case should encompass both liability and damages. See ECF 12 at 2. Prior to trial, Bitmanagement moved *in limine* to partially exclude the testimony of the Government expert witness on damages, David Kennedy ("Kennedy"). See ECF 53. Bitmanagement argued that

> Kennedy's expected opinions rest entirely on the wrong legal standard. The controlling legal test—articulated by multiple federal circuit courts—mandates compensation to the software copyright owner for the total number of unauthorized copies *made*, not the total number of copies *used*.

Id. at 5 (emphasis in original). The Court granted Bitmanagement's motion. See ECF 80. In excluding[1] Kennedy's testimony, the Court explained that Kennedy had "relied on an incorrect legal standard" and that the proper inquiry was "the fair market value of a license covering the defendant's use[, *i.e.*,] the number of unauthorized copies made by the government." Id. at 4-5.

The parties proceeded to trial on liability and damages[2] with the remaining witnesses on April 22, 2019. See Bitmanagement Software GmbH v. United States, 144 Fed. Cl. 646, 647-48 (2019) ("Bit I"). The Court provided extensive findings of fact in its Opinion and Order after trial. See id. at 648-54. Based on those findings, the Court held that Bitmanagement

---

[1] Bitmanagement requested only partial exclusion of Kennedy's testimony, but the Court completely excluded his testimony. See id.; ECF 53; ECF 105 at 36:20-37:11, 51:24-52:7.

[2] See, e.g., ECF 84 at 31-36 (Bitmanagement pre-trial arguments on damages); ECF 89 at 26-35 (Government pre-trial arguments on damages); ECF 116 at 37-51 (Bitmanagement post-trial arguments on damages); ECF 121 at 40-58 (Government post-trial arguments on damages); ECF 126 at 11-19 (Bitmanagement post-trial reply arguments on damages).

"unequivocally" authorized the Navy's deployment of the software-at-issue. Bit I at 657-59. The Court entered judgment for the Government on liability without reaching the parties' submitted arguments and evidence on damages. See id. On appeal, the Federal Circuit upheld all of the facts as found by the Court, see Bitmanagement Software GmbH v. United States, 989 F.3d 938, 940 (Fed. Cir. 2021) ("Bit II") ("We do not disturb the Claims Court's findings."), and affirmed the Court's "finding of an implied-in-fact license between the Navy and Bitmanagement," Bit II at 946-48, but concluded that the Court "fail[ed] to consider whether the Navy complied with the terms of the implied license," see Bit II at 941. The appellate court concluded that the Government breached a condition of the implied license and remanded the case for damages. See Bit II at 949-50.

Bitmanagement filed a Motion for Entry of Judgment pursuant to RCFC 58 one day after the Federal Circuit issued its mandate. See ECF 135, 136. In response, the Government opposed Bitmanagement's motion as procedurally improper and flawed on the merits. See ECF 139 at 17-37. The Government also cross-moved for reconsideration of the ruling excluding Kennedy's testimony. See id. at 37-41. Bitmanagement filed a combined reply in support of its motion and response in opposition to the Government's cross-motion. See ECF 141. Shortly thereafter, the Court stayed Bitmanagement's motion and the Government's cross-motion in favor of "further briefing on each party's damages calculation." ECF 143. At the direction of the Court, the parties each filed three supplemental briefs on damages. See id.; ECF 146; ECF 148; ECF 152; ECF 154; ECF 155; ECF 160; ECF 162; ECF 163. Other than the Government's request that the Court reconsider its exclusion of Kennedy, neither party requested that the Court hear new evidence on damages. Neither party requested that the Court schedule a new trial.

On March 8, 2022, the Court issued its Order scheduling a new damages trial. See ECF 166. The Court concluded that a new "trial is necessary on the issue of damages" because "questions of fact remain." Id. The Court did not provide any further justification for scheduling a new trial, and the Court did not address the Government's stayed cross-motion for reconsideration.

## ARGUMENT

The Court should not set a trial schedule before reconsidering its exclusion of Kennedy, the Government's damages expert. While the Court has broad discretion to hear new evidence on remand, the Court's Order does not justify that approach, particularly where a new trial would be duplicative and burdensome.

**I.     THE COURT SHOULD RULE ON THE GOVERNMENT'S PENDING CROSS-MOTION FOR RECONSIDERATION**

As presented in the Government's cross-motion filed on May 4, 2021, reconsideration of the Court's exclusion of the trial testimony of Kennedy is justified. See ECF 139 at 37-41. First, Kennedy appropriately considered the Navy's use of the software, contrary to Bitmanagement's argument and the Court's conclusion. See ECF 139 at 40-41. Second, the cases that Bitmanagement and the Court relied upon are distinguishable, particularly in the context of assessing reasonable compensation in the context of 28 U.S.C. § 1498(b). See ECF 139 at 38-39. Third, the Court should not have completely excluded Kennedy's testimony where Bitmanagement had only moved to exclude his testimony in part. See ECF 80; ECF 53; ECF 105 at 36:20-37:11, 51:24-52:7.

The Court should lift its stay on the Government's cross-motion for reconsideration and rule on the cross-motion before scheduling a new trial. Kennedy's proposed testimony relates to damages, the sole remaining issue in this litigation. The cross-motion is fully briefed: the

parties completed their briefing before the Court stayed the cross-motion.[3]  A ruling on the stayed cross-motion is necessary because the ruling would directly impact the course of future proceedings in this case.  Specifically, if the Court reconsiders and allows the testimony, the Court will need to reopen the record for the sole purpose of allowing Kennedy to testify on damages and rebut the trial testimony of Bitmanagement's expert.  Alternatively, if the Court maintains its complete exclusion of Kennedy's testimony, the Government sees no reason to reopen the trial record at this time.

## II.     THE COURT HAS BROAD DISCRETION TO HEAR NEW EVIDENCE ON REMAND, BUT ITS ORDER PROVIDES NO JUSTIFICATION FOR DOING SO

The Government generally agrees with Bitmanagement that the Court should reconsider its Order scheduling a new trial.  The Government disputes, however, Bitmanagement's argument that a retrial "would violate the mandate rule, because the Federal Circuit's remand instructions do not permit a retrial."  ECF 168 at 22-24.  Contrary to Bitmanagement's argument, established legal authority vests the Court with broad discretion to hear new evidence on remand, absent clear instructions to the contrary.  While the Court has the power to hear new evidence, the Government submits that a new hearing would be duplicative and time-consuming unless there is a demonstrated need to hear new evidence on one or more damages issues.

The Federal Circuit did not expressly instruct the Court to confine its determination of damages to the existing record in Bit II.  It is axiomatic that the Court "has broad discretion to manage its docket."  Remote Diagnostic Techs. LLC v. United States, 133 Fed. Cl. 198, 203 (2017); see also Murata Mach. USA v. Daifuku Co., 830 F.3d 1357, 1362 (Fed. Cir. 2016).  In the context of a remand, the Federal Circuit has explained that it entrusts the decision to hear

---

[3] The Government filed its cross-motion and Bitmanagement responded.  See ECF 139; ECF 141.  The Court stayed the cross-motion before the Government filed its reply in support.  See ECF 143.  The Government is willing to forego its reply to facilitate a ruling on its motion, but would also be willing to quickly provide its reply if requested by the Court.

new evidence on remand "to the sound discretion of the trial court," "[a]bsent contrary instructions":

> [T]here is no basis for State's argument that reopening the record to hear new evidence was not permitted by our decision . . . . While we did not explicitly order the court to conduct a new hearing, we certainly did not forbid it. Absent contrary instructions, a remand for reconsideration leaves the precise manner of reconsideration—whether on the existing record or with additional testimony or other evidence—to the sound discretion of the trial court.

State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1577 (Fed. Cir. 1991) (citing Adelson v. United States, 782 F.2d 1010, 1012 (Fed. Cir. 1986)); see also Carter Jones Lumber Co. v. LTV Steel Co., 237 F.3d 745, 751 (6th Cir. 2001) ("Our failure to specify that further evidence should be taken on remand could, at most, be construed as leaving a decision on the need to reopen the record to the sound discretion of the trial court.") (citation omitted).

The Gaylord cases illustrate that the Court may hear new evidence at its discretion. In both Gaylord I and Gaylord II, the Federal Circuit ordered a remand to determine damages. See Gaylord v. United States, 595 F.3d 1364, 1381 (Fed. Cir. 2010) ("Gaylord I"); Gaylord v. United States, 678 F.3d 1339, 1345 (Fed. Cir. 2012) ("Gaylord II"). After Gaylord I, the trial court elected to rule on the original record without hearing new evidence. See Gaylord v. United States, 98 Fed. Cl. 389, 390 (2011) ("The parties rely upon the original trial record [and] did not submit any new damages evidence."). After Gaylord II, the trial court elected to "conduct[] a remand trial on damages." Gaylord v. United States, 112 Fed. Cl. 539, 541 (2013). The Federal Circuit accepted each approach without objection in Gaylord II and Gaylord III.[4] See Gaylord II

---

[4] The Gaylord cases also demonstrate that Bitmanagement incorrectly interprets the Federal Circuit's uses of "calculate" and "determine." ECF 168 at 5-6, 24. The appellate court used the same words in Gaylord II, see Gaylord II at 1340, 1343, the trial court reopened the record for damages on remand, and the appellate court accepted the approach. See *supra*.

at 1341 n.1 (acknowledging); Gaylord v. United States, 777 F.3d 1363, 1366 (Fed. Cir. 2015) ("Gaylord III") ("On remand . . . the Court of Federal Claims reopened the record.").

Nevertheless, even broad discretion "has its limits." In re United States ex rel. Drummond, 886 F.3d 448, 450 (5th Cir. 2018). As noted by Bitmanagement, both parties have repeatedly acknowledged that the first trial covered damages and that each had a full and fair opportunity to present evidence on damages.[5] See ECF 168 at 18; see also ECF 12 at 2 ("The parties agree that trial of liability and damages need not be bifurcated.").

In this situation, the Court's Order provides no support to justify its conclusion that a new "trial is necessary on the issue of damages" because "questions of fact remain." ECF 166. Some questions of fact do remain in the case, but the parties already presented their factual evidence and arguments on those questions to the Court during the first trial. By electing not to bifurcate the case, the parties committed the questions on damages to the Court for a ruling after the first trial, if necessary. See, e.g., RCFC 52(a)(1) ("In an action tried on the facts, the court must find the facts specially and state its conclusions of law separately."). Indeed, the Court has **already** found many facts directly relevant to the issue of damages on the **existing** record, including, for example:

- Bit I at 648 n.2 (weighing Schickel's written testimony as not credible);
- Bit I at 648 n.4 (finding that Bitmanagement based the price of its website licenses on the customer's expected usage);
- Bit I at 649 (finding that the Navy used BS Contact Geo for SPIDERS 3D on NAVFAC's restricted-access portal);
- Bit I at 649 ("[W]e [Bitmanagement] are open for any licensing scheme that suits the US Navy better and are willing to do our utmost to enable an other [sic] licensing functionality, if requested.");

---

[5] The Government's sole caveat to this position has always been its pending cross-motion for reconsideration of the exclusion of its expert.

- Bit I at 650 ("Bitmanagement then provided custom-designed licensing files to NAVFAC that were not PC specific.");

- Bit I at 651 (finding that Bitmanagement offered to license its software to the Navy based on the number of "running" instances);

- Bit I at 651 ("Let's go for the floating license server approach.");

- Bit I at 654 ("Beginning in July 2013, the Navy installed BS Contact Geo version 8.001 on all non-classified NMCI computers running Windows 7.");

- Bit I at 654 (finding that Bitmanagement lauded the Navy's deployment to potential customers); and

- Bit I at 654 ("In September 2016, the Navy uninstalled BS Contact Geo version 8.001 from all computers and subsequently reinstalled the software on 34 seats.").

The Federal Circuit expressly cited and affirmed the Court's findings on the existing record. Bit II at 940 ("We do not disturb the Claims Court's findings."). Other than the exclusion of Kennedy's testimony, both parties contend that the existing record provides a sufficient basis for the Court to find facts and issue a judgment on damages.

While we acknowledge the broad discretion afforded to the Court to hear new evidence, the present situation does not require a new trial on all damages issues. This is particularly true where, as here, the Federal Circuit has already considered some of the evidence and the parties agree – with the possible exception of the Government's stayed cross-motion – that the existing record is sufficient to render judgment as to the remaining issues.

### III. A RETRIAL ON ALL DAMAGES ISSUES WOULD BE DUPLICATIVE AND UNDULY BURDENSOME

In its Motion, Bitmanagement presents compelling arguments that a new trial on all damages issues would be duplicative and unduly burdensome. See ECF 168 at 20-22. The Government agrees that a new trial on all damages issues would be duplicative. The Court's Order provides no guidance as to which damages issues require supplementation and,

accordingly, the parties would be required to present comprehensive positions on all damages issues for the Court.  As a result, the parties would inevitably present the same damages evidence and witnesses presented during the first trial, and would be forced to do so in the compressed time schedule mandated by the Court.

The Government also agrees that a new trial on all damages issues would be unduly burdensome to the parties and the witnesses.  The Government called two of Bitmanagement's officers to testify during its case-in-chief during the first trial, requiring travel from Germany.  The Government bore the cost of retaining an interpreter to facilitate the witnesses' live testimony.  For a new trial, the Government would undoubtedly call those witnesses again, burdening both parties administratively and duplicating costs.  Four of the other fact witnesses called by the Government during the first trial live and work in California.  A new trial would likely be difficult for all of the witnesses, because many of the facts at issue took place approximately ten years ago, and the witnesses previously testified to the same subject matter three years ago.  The parties and the witnesses should not have to bear the burden of a new trial unless the Court explains what aspects of the existing record require supplementation.

## CONCLUSION

In view of the foregoing, the Court should reconsider its March 8, 2022 Order.  The Government respectfully requests that the Court:  (1) rule on the Government's stayed cross-motion; (2) set aside its March 8, 2022 Order; and (3) schedule a conference with the parties to discuss future proceedings in this litigation.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SARAH HARRINGTON<br>Deputy Assistant Attorney General |
|  | GARY L. HAUSKEN<br>Director |
| Of Counsel:<br>PATRICK C. HOLVEY<br>Department of Justice<br><br>JENNIFER S. BOWMAR<br>ANDREW P. ZAGER<br>Department of the Navy | s/Scott Bolden<br>SCOTT BOLDEN<br>Deputy Director<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC  20530<br>Email:      Scott.Bolden@USDOJ.gov<br>Telephone:  (202) 307-0262<br>Facsimile:  (202) 307-0345 |
| March 25, 2022 | *Attorneys for Defendant the United States* |