## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BITMANAGEMENT SOFTWARE GMBH, | Case No. 16-840 C |
| Plaintiff, | Senior Judge Edward J. Damich |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

## JOINT MOTION FOR ENTRY OF SCHEDULING ORDER AND TO RESCHEDULE HEARING

Pursuant to the Court's April 4, 2022 order, which scheduled a hearing for June 7, 2022 and required the parties to file, no later than April 11, 2022, "a joint proposed pre-trial schedule," Dkt. 171, the parties respectfully move for the Court to enter the attached Proposed Pre-Hearing Scheduling Order.

The parties also respectfully move for the Court to reschedule the planned hearing. The Government's witness, David Kennedy, is already scheduled to testify at a hearing before the United States International Trade Commission during the week of June 6-10, 2022. The parties, Mr. Kennedy, and Bitmanagement's rebuttal witness George Graff are all available June 14-17, 2022, and would be prepared to hold a hearing whichever of those dates the Court prefers. If those dates are not convenient for the Court, then the Parties suggest a scheduling conference to pick mutually acceptable dates.

Finally, Bitmanagement requests the Court's instruction regarding whether the parties must supplement Mr. Kennedy's expert report and Mr. Graff's reply expert report prior to the

hearing.  The Government submits that no instruction is necessary or required.  The parties have

discussed the issue, but have failed to reach an agreement.

*****

Bitmanagement seeks clarity on whether the Government intends to elicit the same or

different opinions than what Mr. Kennedy expressed in his expert report dated March 23, 2018,

which was filed with the Court on February 27, 2019 (Dkt. 53-2 at PA.032).  There has been a

lot of water under the bridge since that report was filed, including the Federal Circuit's decision

and the four substantive post-appeal orders issued by this Court following the remand.

Some of Mr. Kennedy's opinions have been squarely rejected by this Court and the

Federal Circuit.  For example, Mr. Kennedy's report concluded that damages should only be

awarded for the number of copies of Bitmanagement's software that were tracked on the Navy's

incomplete usage logs *after* the time of the hypothetical negotiation, but this Court rejected that

position.  Dkt. 160 at 1; *see also* Dkt. 80 at 4-5 (actual damages must be determined by "the fair

market value of a license covering defendant's use—the use in this case being the number of

unauthorized copies made by the government").  Similarly, the Federal Circuit's opinion

indicates that *every* copy the Navy installed was an infringing copy, because none of the copies

employed the Flexera software at the time of copying.  *See Bitmanagement Software GmBH v.*

*United States*, 989 F.3d 938, 951 (Fed. Cir. 2021) ("[T]he Navy's failure to comply with the

Flexera condition of the license renders the Navy's copying outside the scope of that license.

Such unauthorized copying is copyright infringement.").

On the other hand, this Court has raised a number of questions in its post-appeal order,

such as whether there is any evidence that the parties considered expected usage before the date

of the hypothetical negotiation, Dkt. 171 at 1, on which Mr. Kennedy's report expresses no

2

opinion, and thus we would expect that there will be no trial testimony from Mr. Kennedy about this matter.  Bitmanagement wants to know what exactly Mr. Kennedy will be testifying to; it does not want to be ambushed at the hearing by new testimony by Mr. Kennedy.

If the Government intends to offer any testimony by Mr. Kennedy that is different from the opinions expressed in his expert report, the Government must supplement Mr. Kennedy's report and make him available for deposition concerning any supplemental material in the report, and Bitmanagement must have an opportunity to file a motion precluding those opinions if appropriate.

The Court's Rules provides that parties must provide a "written report" for any expert witness that "must contain (i) a *complete statement of all opinions the witness will express* and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them."  RCFC(a)(2)(B)(i)-(iii) (emphasis added).  The Rules further provide that, if a party "learns that in some material respect [its] disclosure or response is incomplete or incorrect," that party "must supplement or correct its disclosure or response," RCFC(e)(1)(A), and that, "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  RCFC(e)(2).  If a party fails to supplement its expert report as required by RCFC 26(e), "the party is not allowed to use that information … to supply evidence … at a hearing, … unless the failure was substantially justified or is harmless."  RCFC 37(c)(1).  Courts have applied the corresponding rule in the Federal Rules of Civil Procedure to uphold the exclusion of expert opinion testimony that differed from the opinions disclosed in the expert's

report.  *See Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 598-99 (4th Cir. 2003) (excluding expert testimony that specific incompatible components of defendant's paint caused it to fail to adhere to surfaces, when expert report disclosed prior to trial had instead disclosed opinion that "the nature of the paint" and its mode of application caused its failure to adhere).

The purpose of this mandated expert-testimony disclosure regime is to "prevent[] surprise and prejudice to the opposing party," and "'to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts'" prior to trial.  *Id.* at 596, 598 (internal citations omitted).  Permitting Mr. Kennedy to offer opinion testimony that differs from or contradicts his report, without requiring him to supplement that report and submit to a deposition, would enable the Government to sandbag opposing counsel at the hearing.

More importantly, the Court has stated that it still has questions about damages, which is the reason that it is holding a supplemental hearing.  If the hearing is to be meaningful, then there should be full disclosure of what Mr. Kennedy's testimony will be.

Bitmanagement therefore asks the Court rule that, to the extent Mr. Kennedy will offer opinion testimony different from his previously submitted expert report and deposition testimony, the Government must serve a supplemental expert report for Mr. Kennedy on Bitmanagement on or before April 18, 2022 and make Mr. Kennedy available for deposition promptly thereafter.[1]  *Cf. Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 168-71 (2006) (Damich, J.) (applying *Southern States* framework to Government's failure to serve non-expert witness

---

[1] Should Mr. Kennedy supplement his expert report, Mr. Graff may supplement his reply expert report in response, and would also be made available for deposition.

declaration and concluding that, since discovery remained open, appropriate sanction was to require deposition of witness at Government's expense).

To the extent that the Court desires that a formal motion be filed requesting this relief, Bitmanagement is prepared to do so.

*****

The Government's position is that no action by the Court is necessary or required.  Mr. Kennedy will present his opinion testimony on damages and will rebut the trial testimony of Bitmanagement's expert.  The Government disclosed Mr. Kennedy's testimony in accord with the Court's Rules and Orders.  Pursuant to RCFC 26(a)(2) and ECF 22, the Government produced Mr. Kennedy's written report on March 23, 2018.  Bitmanagement deposed Mr. Kennedy on his report on May 18, 2018.

Pursuant to the Court's previous procedure, the Government does not plan to offer Kennedy's written report as an exhibit into evidence, absent agreement of the parties.  The Government does not believe that a supplemental report is necessary or required.

In the Government's view, Mr. Kennedy can base his trial testimony on other testimony and exhibits offered during the previous trial.  Legal authority allows expert witnesses to do so. In particular, Federal Rule of Evidence 703 permits experts to base their opinions on:  (1) firsthand knowledge; (2) admitted evidence, and (3) reliable facts or data not admitted into evidence.

In the Government's view, Bitmanagement and the Government recognized this authority when they jointly stipulated to sequestration procedures.  Specifically, when the Court directed counsel for the parties to discuss sequestration, *see* ECF 40 at 4, the parties expressly agreed that expert witnesses were permitted to consider the trial testimony of other witnesses:

> Expert witnesses, even if they have not yet testified, may review trial transcripts and may have testimony relayed to them by counsel or by other witnesses who have previously testified.

and

> Fact witnesses shall be excluded from the courtroom so that they cannot hear the testimony of other witnesses. This exclusion shall not apply to expert witnesses or to party representatives.

ECF 68 at 1-2.

Procedurally, if Bitmanagement contends that the Government has not complied with the Court's disclosure rules, the Government contends that Bitmanagement may file a formal pre-trial motion pursuant to the schedule that the parties have attached.  Bitmanagement also retains the right to offer objections to Mr. Kennedy's testimony during direct examination, and may also cross-examine Mr. Kennedy.

Indeed, Bitmanagement now ignores the positions it took and the Court adopted during the previous trial in this litigation.  When counsel for the Government examined Bitmanagement's expert during *voir dire*, Bitmanagement's counsel explained that its expert could adapt his testimony to the evidence submitted during trial:

> MR. GURNEY: **Mr. Graff, as an expert, can sit here in the court and comment on the evidence as it comes in as long as it's within the area of his opinion**, so I feel like we're playing a game of gotcha here, the Government is, by really -- by really making mountains out of molehills, if there are hills at all.

Tr. 406:25-07:5 (emphasis added).  And while Bitmanagement now requests that the Court offer guidance on the interplay between expert disclosure provisions of Rule 26 and an expert's trial testimony, the Court **already provided** the guidance that Bitmanagement seeks.  As the Court previously explained:

> THE COURT: ...  I think that [Rule 26] contemplates corrections that are truly substantive and affect the litigation rather than this is just a mistake, as -- as Mr. Graff has said. So the difficulty that I have is -- I mean, I think it's established

that there are some discrepancies. The next -- and the question is: Is are -- are any discrepancies tolerable? . . . .  [I]s there a discrepancy that is so different that the preparation by, in this case, the Government would be prejudiced?

Tr. 416:14-17:11.

Thus, as explained above:  (1) the Government does not believe that a supplemental report is necessary or required; (2) Mr. Kennedy may "comment on [trial] evidence as it comes in as long as it's within the area of his opinion"; and (3) Bitmanagement retains the right to file a formal pre-trial motion, to offer objections during direct examination, and to cross-examine Mr. Kennedy.

*****

Bitmanagement respectfully asks the Court to offer guidance on the circumstances in which the Parties must supplement their respective expert reports before the hearing.  The Government respectfully requests the Court deny Bitmanagement's request.


Dated: April 11, 2022                         Respectfully submitted,

                                    */s/ Brent. J. Gurney*
                                    Brent J. Gurney
                                    *Counsel of Record*
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    1875 Pennsylvania Ave., N.W.
                                    Washington, D.C. 20006
                                    Telephone:  (202) 663-6000
                                    Facsimile:  (202) 663-6363
                                    Email:  brent.gurney@wilmerhale.com

                                    *Of Counsel*
                                    Leon T. Kenworthy
                                    Jamie Yood
                                    Michael Carpenter
                                    Wilmer Cutler Pickering Hale and Dorr LLP
                                    1875 Pennsylvania Ave., N.W.
                                    Washington, D.C. 20006
                                    Telephone:  (202) 663-6000

Facsimile:  (202) 663-6363
Email:  leon.kenworthy@wilmerhale.com
        jamie.yood@wilmerhale.com
        michael.carpenter@wilmerhale.com

*Counsel for Bitmanagement Software GmbH*


MICHAEL GRANSTON
Deputy Assistant Attorney General

GARY L. HAUSKEN
Director

*/s/ Scott Bolden*  (with permission)
SCOTT BOLDEN
Deputy Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone:  (202) 307-0262
Facsimile:  (202) 307-0345
Email:  Scott.Bolden@USDOJ.gov

*Of Counsel*
PATRICK C. HOLVEY
Department of Justice
JENNIFER S. BOWMAR
ANDREW P. ZAGER
Department of the Navy

*Counsel for Defendant the United States*